## Philadelphia, to use, *v.* Dibeler, Appellant.

*Streets—Paving—Philadelphia—Councils.*

The councils of the city of Philadelphia have the sole right to designate what streets shall be paved and the character of the paving.

*Ordinance—Repairs—Macadamizing street—Original paving.*

Where city councils appropriate a certain sum for the repairs of a street, and the highway department uses the money in macadamizing the street, there is no such original paving as will prevent a city contractor from

subsequently recovering from a property owner the contract price for laying a pavement of vitrified brick in accordance with an ordinance authorizing such pavement.

Argued January 13, 1892. Appeal, No. 177, July Term 1891, by defendant, from judgment of C. P. No. 1, Philadelphia Co., Dec. T., 1889, No. 648, M. L. D., on verdict for plaintiff. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Scire facias sur municipal claim by the city of Philadelphia to the use of John M. Mack against John B. Dibeler, owner.

At the trial before BREGY, J., it appeared that the claim on which suit was brought was for paving Woodland avenue in front of defendant's property with vitrified brick in accordance with an ordinance approved March 30, 1889.

The defendant put in evidence an ordinance of the councils of the city of Philadelphia, approved November 5, 1883, entitled "An Ordinance to authorize certain transfers in annual appropriations . . . . for repairing Woodland avenue, in the Twenty-seventh ward," as follows:

SECTION I.—The Select and Common Councils of the City of Philadelphia do ordain that the City Controller be authorized and directed to make the following transfers, viz.: . . . . To new item, to be called Item 28, for repairing Woodland Avenue, in the Twenty-seventh Ward, twenty thousand ($20,000) dollars in the annual appropriation to the department of Highways for the year 1882.

Defendant then offered in evidence a contract made between W. B. M. Conklin and the city of Philadelphia, in pursuance of the last-named ordinance, dated June 14, 1884, to regrade Woodland avenue from the end of the stone pavement near Fiftieth street to Cobbs' Creek, and to macadamize the southeast side thereof, and also the bills and statements showing a settlement with the said Conklin for said work and the approval of the work by the city. Objected to. Objection sustained and exception. [1]

Defendant further offered to prove by W. B. M. Conklin that he entered into the contract above named on June 14, 1884, including the macadamizing in front of the defendant's property, that he did the work and got the money. Objected to. Objection sustained and exception. [2]

The court charged as follows :

" You will find for the plaintiff for the full account of his claims in this case.   There is no defence." [3]

Verdict and judgment for plaintiff.   Defendant appealed.

*Errors assigned* were (1–2) rulings on evidence, and (3) charge of the court, quoting it.

*John M. Ridings*, for appellant.—It is sufficient to defeat this claim to show that the street had been previously macadamized prior to the paving for which suit was brought : City v. Baker, 140 Pa. 11.   Macadamizing has been repeatedly recognized as such original improvement as will prevent the city from recovering subsequently from owners for any change made in paving : Huidekoper v. Meadville, 83 Pa. 158 ; Alcorn v. City, 112 Pa. 494 ; City v. Baker, 140 Pa. 11.

*E. O. Michener*, for appellee.—The city has the right to determine primarily the kind and quality and time of paving : Phila. v. Jewell, 135 Pa. 329 ; City v. Baker, 140 Pa. 11 ; Alcorn v. City, 112 Pa. 494.

PER CURIAM, January 25, 1892.

We do not think the learned judge below committed error in refusing to admit in evidence, " the contract of William B. Conklin with the city of Philadelphia, dated Jan. 14, 1884, to regrade Woodland avenue, from the end of the stone pavement near 50th street to Cobb's creek, and to macadamize the southeast side thereof, and also the bills and statements showing a settlement with Conklin for said work."   Had the evidence referred to been admitted, it would have been the duty of the court to declare, as matter of law, that it did not amount to a defence to the claim of the city for paving.   The contract was made, and the work was done, under an ordinance of the councils of Philadelphia, approved Nov. 5, 1883, authorizing certain transfers in annual appropriations.   Of the amounts so transferred the sum of $20,000 was appropriated for repairing Woodland avenue, the street in question.   This was not in any sense a paving of said avenue.   That it was a substantial repair is not to the purpose.   It rests with councils, as we have repeatedly said, to designate what street shall be paved, and the character of the pavement.   When, therefore, the city authorities proceed to repair a street, it cannot be said to be a

paving of said street, although said repairs should be extensive, and of a reasonably permanent character. It is to be noted that the repair of this street was done at the expense of the city, and not that of the abutting property owners.

Judgment affirmed.