# Philadelphia, to use of John M. Mack, *v.* Elizabeth B. Hill, Appellant.

*Streets—Original paving—Macadamizing street.*

Where city councils appropriate a certain sum for the repairs of a street, and the highway department uses the money in macadamizing the street, there is no such original paving as will prevent a city contractor from subsequently recovering from a property owner the contract price for laying a pavement of vitrified brick in accordance with an ordinance authorizing such pavement.

Argued Jan. 9, 1895.   Appeal, No. 484, Jan. T., 1894, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1889, No. 659, M. L. D., on verdict for plaintiff.   Before STER-RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Sci. fa. sur municipal lien.   Before BRÉGY, J.

At the trial it appeared that, on March 30, 1889, an ordinance was approved authorizing the paving of a portion of Woodland avenue, including that part in front of defendant's property, with vitrified paving bricks.   Under the ordinance, John M. Mack, the city contractor, did the work of paving in front of the property of defendant.

Defendant put in evidence an ordinance approved Nov. 5, 1883, appropriating $20,000 for repairing Woodland avenue.

Defendant then offered in evidence a contract made between W. B. M. Conklin and the city of Philadelphia, in pursuance of the last named ordinance, dated June 14, 1884, to regrade Wood-land avenue from the end of the stone pavement, near Fiftieth street, to Cobb's creek, and to macadamize the southeast side thereof, and also the bills and statements showing a settlement with the said Conklin for said work, and the approval of the work by the city.   Objected to and objection sustained. [1]

Defendant further offered to prove that W. B. M. Conklin entered into the contract above named on June 14, 1884, includ-ing the macadamizing in front of defendant's property; that he did the work and got the money.   Objected to and objection sustained. [2]

Defendant further offered to prove that before the paving was done, for which this lien was filed, Woodland avenue, in front of defendant's property, was laid from curb to curb with macadamized pavement, with the exception of a space of the roadway on the side of the curb, which was paved with cubical blocks along the curb four feet wide.   Objected to and objec-tion sustained. [3]

Defendant also offered to show that when Woodland avenue was macadamized, the work was done under and in pursuance of an ordinance of councils approved Nov. 5, 1883.   Objected to and objection sustained. [4]

The court gave binding instructions for plaintiff. [5]

1895.] Assignments of Error—Opinion of the Court.

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1–4) rulings; (5) instructions; quoting bills of exception and instructions.

*Joseph S. Goodbread,* for appellant, cited: Huidekoper v. Meadville, 83 Pa. 156; Alcorn v. City, 112 Pa. 494; Boro v. Laird, 138 Pa. 533; Phila. v. Ehret, 153 Pa. 1; Harrisburg v. Segelbaum, 151 Pa. 172; Boyer v. Reading, 151 Pa. 185; Williamsport v. Beck, 128 Pa. 147.

*Edwin O. Michener,* for appellee, cited: Phila. v. Dibeler, 147 Pa. 263; Phila. v. Jewell, 135 Pa. 329; City v. Baker, 140 Pa. 11; Alcorn v. City, 112 Pa. 494; Phila. v. Ehret, 153 Pa. 1

PER CURIAM, Jan. 21, 1895:

This case is ruled by city of Philadelphia, to use etc., v. Dibeler, 147 Pa. 261; and on the authority of that case the judgment of the court below must be sustained.

Judgment affirmed.