## Harrisburg *v.* Funk, Appellant.

*Road law—Original paving—Intention.*

The question whether a particular kind of paving is an original paving or not is a question of fact in each case, but the governing consideration is the nature of the municipal action with regard to it.

Where it is contended that an improvement to a street has converted that highway from a road into a street, it must be shown that the improvement was either authorized or adopted by the municipal authorities. Municipal adoption or acquiescence cannot be assumed, it must be proven.

Where the evidence is uncontradicted that the municipal authorities did nothing more than keep the roadway of a street in ordinary repair with broken limestone, the court may decide as a question of law that a pavement of asphalt authorized by ordinance is an original paving.

Argued June 3, 1901. Appeal, No. 9, May T., 1901, by defendant, from judgment of Superior Court, March T., 1900, No. 20, affirming judgment of C. P. Dauphin Co., Sept. T., 1894, No. 479, in case of City of Harrisburg v. Margaret M. Funk. Before McCollum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Appeal from Superior Court.

At the trial in the common pleas, it was objected that the

asphalt pavement for which the assessment was made, was not an original paving.

Plaintiff presented these points :

1. The dumping and spreading of broken stone of various sizes upon portions of Sixth street in the immediate vicinity and in front of the property of defendant from time to time in the manner disclosed by the evidence in this case was not a paving thereof under the laws of this commonwealth. *Answer :* Of course that point means, a paving such as would prevent the city afterwards paving the street and charging the expense of that paving upon the abutting owners under the act of assembly, giving them the authority in proper case to do, and thus understood, we affirm that point. [1]

2. The spreading of broken stone of various sizes upon portions of Sixth street in the immediate vicinity and in front of the property of defendant, from time to time, without regard to scientific principles or regular system, was not a macadamizing or a paving under the laws of this commonwealth. *Answer :* Understanding this as we have stated with respect to the first point, we affirm it so far as it applies to the facts of this case. [2]

3. It rests with councils to designate what street shall be paved and the character of the pavement. When the city authorities proceed to repair a street it cannot be said to be a paving of said street, although said repairs should be extensive and of a reasonably permanent character. *Answer :* That we affirm—understanding it to apply to the facts of this case— that what has been shown here by the evidence does not amount to such an adoption of the street and such an improving of the street, prior to the time when the pavement for which this assessment is laid, as would preclude the city from charging the abutting owners for the later paving.

*Error assigned* was the action of the Superior Court, in affirming the ruling of the court of common pleas giving binding instructions in favor of the plaintiff.

*Lyman D. Gilbert* and *Hargest & Hargest*, with them *William H. Middleton*, for appellant.—The street was a macadamized street of the city at the time of the asphalt paving, for which recovery is sought, and had been maintained and kept in

repair as such by the city for many years; and was in these respects similar to the other streets of the city. By said prior improvement the street was changed from an ordinary clay road into a good, reasonably smooth and substantial artificial highway, practically equivalent to an ordinarily well improved street, paved with cobble stone or other materials then used for paving: Harrisburg v. Sagelbaum, 151 Pa. 172; Boyer v. Reading, 151 Pa. 185; Greensburg Boro. v. Laird, 138 Pa. 533; Alcorn v. Philadelphia, 112 Pa. 494.

*C. H. Bergner*, with him *D. S. Seitz*, for appellee.—In this case not one word of testimony is to be found showing, or authorizing the inference, that the municipality of Harrisburg ever did anything in the way of making an improvement to the roadway of Fourth and Sixth streets or adopting the old mud highway, which preceded the present asphalt pavement, as a paved street: Philadelphia v. Dibeler, 147 Pa. 261; Philadelphia v. Hill, 166 Pa. 211; Philadelphia v. Eddleman, 169 Pa. 452; Dick v. Philadelphia, 197 Pa. 467.

OPINION BY MR. JUSTICE POTTER, July 17, 1901:

The constitutional question involved in this case is identical with that in City of Harrisburg v. McPherran, in which an opinion has just been filed. An additional question here is, whether, under the undisputed testimony in this case, the trial court was justified in holding the evidence insufficient to submit to the jury as to any municipal recognition of a change from an ordinary road to a city street. This latter term must be understood in a legal sense, for, as a matter of fact, the highway in question was within the city limits, but the trial court held that it was not a city street in a sense that would preclude the city, at the time stated, from paving it with asphalt and imposing the cost upon abutting property owners. There is no hard and fast rule on the subject of the kind of paving. It is a question of fact in each case, but the governing consideration is the nature of the municipal action with regard to it: Philadelphia v. Eddleman, 169 Pa. 452. Mere maintenance as a highway, and repairs and repavings for the purpose of such maintenance, are not sufficient: Philadelphia v. Dibeler, 147 Pa. 261. Even the laying of gas pipes along a highway,

and the grading, curbing, and paving of sidewalks is not, in itself, sufficient evidence of municipal adoption to prevent a subsequent paving at the expense of the abutting property: Dick v. Philadelphia, 197 Pa. 467.

The controlling question is one of municipal intent. Where it is contended that an improvement to a street had converted that highway from a road into a street, it must be shown that the improvement was either authorized or adopted by the municipal authorities.

There is no evidence of any ordinance of the city of Harrisburg authorizing or adopting any formal improvement; neither is any contract in relation thereto shown, and there is, of course, no contention that the municipality ever exercised any statutory authority with respect to the paving of the street, prior to the present time. Undoubtedly there might be an acquiescence short of this, but the entire absence of formal municipal action is strong presumptive evidence of lack of municipal intent to adopt the road as a paved street. Municipal adoption or acquiescence cannot be assumed. It must be proven.

In so far as the evidence is concerned, the municipal authorities apparently did nothing more than keep the street in ordinary repair. This was a duty incumbent upon them under any circumstances, and its discharge is entirely consistent with the absence of purpose or intent to change an ordinary road into a city street.

We cannot see in the testimony anything which should properly exempt the abutting property owner from liability for his proportionate share of this improvement. Where, as here, the facts are undisputed, the question as to whether or not an original paving is shown, prior to that for which it is sought to recover, becomes a question of law for the court.

We see no error in the conclusion that this was not a repaving. The assignments of error are all overruled, and the judgment is affirmed.