210      539
32 SC   644

210     539
38SC    389

## East Street.    Evans's Appeal.

*Road law—Original pavement—Repairs of ordinary road—Plank road.*

Where repairs made by a city to a plank road acquired by the city, are only such as are necessary to keep the planking safe for travel until a permanent improvement can be made, such repairs are not such a paving as will relieve abutting property from the costs of subsequent improvements when the road is changed to a city street.

Argued Nov. 3, 1904.  Appeal, No. 145, Oct. T., 1904, by George W. Evans, from order of C. P. No. 3, Allegheny Co., Feb. T., 1903, No. 180, dismissing exceptions to report of viewers in the matter of East Street from Elmira Street to Perrysville Avenue.  -Before MITCHELL, C. J., DEAN, FELL, BROWN and THOMPSON, JJ.  Affirmed.

Exceptions to report of viewers.

McCLUNG, J., filed an opinion in which he found, inter alia, as follows:

There is no dispute about the fact that this street was an old plank road which was purchased by the city.  It is contended that whilst the city did not lay the plank, it adopted it as a pavement.

There is no doubt that the plank road was in bad condition when it was acquired by the city, and that the city immediately upon its acquisition took steps towards the widening and paving of the road.  It made simply such repairs as were necessary to keep it in passable condition until the improvement could be made, and the testimony indicates that it was not kept in more than passable condition.  It is perfectly plain that the city condemned this road for the very purpose of getting rid of the plank and acquiring the right to make an improvement that had become a necessity.  Nothing can be plainer than that the city did not adopt the worn planking as a pavement for East street. ·

*Errors assigned* were in dismissing exceptions to report of jury of view.

· *Ralph P. Tannehill*, with him *Thomas M.* and *Rody P. Marshall*, for appellant.—Councils cannot say the owner of abutting property shall pay regardless of benefits, nor can the legislature so say: Phila. v. Farmers' Market Co., 161 Pa. 522 ; Penna. & Ohio Canal Co. v. Graham, 63 Pa. 290 ; Williamsport v. Beck, 128 Pa. 147 ; Harrisburg v. Segelbaum, 151 Pa. 172 ; Craig v. Phila., 89 Pa. 265.

They cannot be assessed when the improvement is either expressed or appears to be for the general public benefit: Ham-

mett v. Phila., 65 Pa. 146 ; West Penna. Ry. Co. v. Allegheny, 92 Pa. 100.

*Stephen G. Porter*, with him *W. W. Stoner* and *Craig Smith*, for appellee.—The improvement was not a repaving : Philadelphia v. Eddleman, 169 Pa. 452 ; Rodgers's Appeal, 193 Pa. 432 ; Dick v. Philadelphia, 197 Pa. 467 ; Harrisburg v. Funk, 200 Pa. 348.

OPINION BY MR. JUSTICE FELL, December 31, 1904 :

The only assignment of error is a general one to the order of the court dismissing the appellant's exceptions. Many of the exceptions filed to the report of the viewers are unsupported by any testimony in the case. The main controversy and the only one that need be noticed was whether the pavement put down by the city was a first pavement, with the cost of which the abutting properties might be charged. The city acquired a plank road which had fallen into bad condition, for the purpose of removing the plank and making a substantial and necessary improvement by widening, grading and paving the thoroughfare. The repairs made by the city were only such as were necessary to keep the planking safe for travel until the permanent improvement could be made. Mere maintenance of a highway by repairs is not a paving of it that will relieve the abutting property from the cost of subsequent improvements changing an ordinary road to a city street : Philadelphia v. Dibeler, 147 Pa. 261 ; Philadelphia v. Eddleman, 169 Pa. 452.

The order of the court dismissing the exceptions to the report is affirmed at the cost of the appellant.