# Chester City v. Evans, Appellant.

*Road law—Paving—Original pavement—Repair—Evidence—Burden of proof.*

Where a property owner resists payment of a municipal lien filed for paving a street with vitrified brick, on the ground of prior or original paving, the burden is upon him to show that at the time of the alleged original paving the street had been permanently improved by the city as a city street, and paved as such, and that the work had been done under the authority of those authorized to represent the city with the intention of changing the old roadway into a permanent city street.

On a scire facias sur municipal lien for paving a street with vitrified brick, the defendant offered evidence which tended to show that the street in question some years before had been macadamized from curb to curb in such a manner as to change a clay road into a good, reasonably smooth, and substantial artificial highway. Prior to the macadamizing, the city council enacted a resolution requiring all property owners on the street to curb and pave the sidewalks in front of their respective properties within thirty days. About six weeks afterwards the councils instructed the street committee to advertise for proposals for macadamizing the street, and subsequently a contract was awarded, and the work of macadamizing done. The evidence showed that the council had from time to time ordered the bills to be paid to the contractor for the macadamizing, as the work progressed. *Held*, (1) that the evidence was sufficient to show that the macadamizing of the street had been done under the express authority and direction of the city council; (2) that the defendant was entitled to judgment on a verdict in his favor.

Argued Nov. 20, 1906. Appeal, No. 144, Oct. T., 1906, by defendant, from judgment of C. P. Delaware Co., March T., 1900, No. 512, on verdict for plaintiff in case of City of Chester v. John J. Evans. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Scire facias sur municipal lien for paving. Before JOHNSON, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for plaintiff non obstante veredicto.

*John E. McDonough,* with him *J. Lentz Garrett,* for appellant.
—The cost of repaving a public street cannot be assessed upon
and collected from the property abutting on the street, even
though the cost of the original paving was not borne by the
then owners of the abutting property, but by the public: Har-
risburg v. Segelbaum, 151 Pa. 172; Greensburg Boro. v.
Laird, 138 Pa. 533; Boyer v. Reading, 151 Pa. 185.

Macadamizing was held to be an original paving in cities of
the first class in Alcorn v. Phila., 112 Pa. 494; Phila. v. Ehret,
153 Pa. 1; Phila. v. Cowen, 202 Pa. 453.

*A. A. Cochran,* for appellee.—The case is clearly ruled by
Phila. v. Dibeler, 147 Pa. 261, and Phila. v. Hill, 166 Pa. 211.

OPINION BY PORTER, J., February 25, 1907:

The questions presented by this record arise out of the trial,
in the court below, of an issue which involved the validity of
a municipal lien for paving. The city of Chester, in 1889,
paved the roadway of Edgmont avenue, from Twelfth street
to Fifteenth street, with vitrified brick, and filed a lien against
the property of the defendant which abutted upon that part of
the street. The defendant averred that his property was not
subject to this lien for the reason that the street in question
had been permanently improved by the city, as a city street, and
had been by the city changed from an ordinary road into a city
street and macadamized from curb to curb, which work was
done under municipal authority in the years 1869 and 1870.
There was a dispute, under the evidence, as to what action
the municipal authorities had taken and what work had ac-
tually been done upon the street by the municipality, at the
time of the alleged previous paving. The learned judge of
the court below submitted the questions of fact to the jury,
under instructions which were briefly and fairly summarized
in the concluding sentences of his charge. " If you find from
all the evidence in this case that the City of Chester, in 1868,
did intend to change the character of this street into a per-
manent improvement and did do it, a permanent city street,
then your verdict must be for the defendant. If, on the other
hand, you find from the evidence, from all the evidence, that
it was only intended to be a repair, then the city is entitled

to recover, because the property has never been benefited before by any permanent street improvement." The court had already instructed the jury, in effect, that the burden was upon the defendant to prove, not only that the street had been macadamized, but that the work had been done under the authority of those authorized to represent the city, with the intention of changing the old roadway into a permanent city street. The jury found a verdict in favor of the defendant, but the plaintiff having requested binding intructions, the court subsequently entered judgment for the plaintiff non obstante veredicto, for the full amount of the claim. The entry of such judgment is now assigned for error.

The evidence produced at the trial, by the defendant, would have warranted a finding that the part of the street in question had been graded in the years 1868 and 1869, that for the entire length of the street the sidewalks had been paved and the curb set in the latter year, and that, in the years 1869 and 1870, the roadway had been macadamized, from curb to curb, in such a manner as to change the clay road into a good, reasonably smooth, and substantial artificial highway. The city produced witnesses whose testimony tended to contradict this evidence. The jury found in favor of the defendant upon this question of fact. We must therefore accept it as settled that, so far as the work done upon the ground was concerned, the paving of the street, in 1869 and 1870, was of such a character as to constitute an original paving of the street; and if done under municipal authority, for the purpose of changing the old road into a city street, it would relieve the owners of abutting property from liability for assessment for the cost of a subsequent paving: Harrisburg v. Segelbaum, 151 Pa. 172; Philadelphia v. Ehret, 153 Pa. 1.

The defendant was, however, bound not only to establish by evidence the previous change in the character of the street, but to show that that change had resulted from the lawful exercise of the municipal authority, for the purpose and with the intent of changing the road into a street. The municipality is bound to keep in proper repair all its highways, whether they be roads or streets, and if the municipal intent merely be to repair the road as an ordinary highway, a mere surfacing of the road, however carefully or expensively done, will not be a pav-

ing. Mr. Chief Justice STERRETT, in Harrisburg v. Segelbaum, 151 Pa. 172, said: "The controlling consideration is not so much whether the prior improvement of Market street by macadamizing was in the strict sense of the word a paving thereof, as whether by said improvement the street was changed from an ordinary clay road into a good, reasonably smooth and substantial artificial highway, practically equivalent to an ordinary well improved street, paved with cobblestone or other materials then used for paving." The present chief justice, in Philadelphia v. Eddleman, 169 Pa. 452, reviewed and explained the prior decisions dealing with this question, and while recognizing the doctrine as stated in Harrisburg v. Segelbaum, made clear the distinction which runs through all the cases, which cannot be better expressed than in his own language. " But as on the one hand it is only the first payment, whatever it be composed of, converting the road into a street, for which the city can charge the property owner, so on the other hand, as the city has the exclusive right to determine in the public interest when, how and with what material such conversion into a street shall take place, it is essential to such a first pavement as shall exonerate the abutting owner from further charge for improvement, that it shall be laid or adopted by the municipal authority. Not necessarily by formal ordinance declaring the change, for it is not always convenient or even possible to make such documentary proof, but municipal recognition of the pavement of the street, as such, must appear, either by action in the first instance or by acquiescence and adoption subsequently. The questions which usually arise as to the kind of pavement, whether by wood, or cobblestone, or macadamizing, or otherwise, and who paid for it, are subordinate, and are only material or relevant as bearing on the main issue of municipal recognition. They have been treated, therefore, by this court not as questions of law, but as questions of fact whose weight and bearing depended on the other evidence and the circumstances of each case." This distinction has been clearly recognized in the subsequent cases: Harrisburg v. Funk, 200 Pa. 348; Philadelphia v. Gowen, 202 Pa. 453; East Street, 210 Pa. 539.

The councils of a city have the sole right to designate what streets shall be paved and the character of the paving: Philadelphia v. Dibeler, 147 Pa. 261; Philadelphia v. Hill, 166 Pa.

211; Dick v. Philadelphia, 197 Pa. 467.   The learned judge of the court below deemed himself bound by the authority of the cases last cited to enter judgment in favor of the plaintiff, non obstante veredicto, upon the ground that there was no sufficient evidence that the improvement of the street, in 1869 and 1870, had been authorized by the proper municipal authorities.   A careful review of the evidence as to the action of the city council leads us, in the light of the authorities hereinbefore cited, to the conclusion that the learned judge fell into error, in considering only the first resolution which that body passed when it undertook to deal with the question of changing the character of Edgmont avenue.

The first action taken by the council which related to Edgmont avenue was in this resolution: "August 3, 1868.   Resolved, That the grading of Edgmont avenue from the railroad to the city line be awarded to James Dougherty at his proposal for doing the same, he giving the requisite security for the performance of his contract and that the street committee be instructed to proceed immediately to repair said avenue after the grading is completed."   Had that been the sum total of the action of the city council, it would not of itself have been sufficient evidence of a municipal intention to change the character of the street.   The street committee would have been authorized to repair the road, as a road, after the grading was completed; that was the only power delegated by the original resolution.   The resolution above quoted was not, however, the only action of the city council, material to the question, of which competent evidence was presented at the trial.   The city council, on September 7, 1868, enacted the following resolutions: "Resolved, That the street committee be directed to procure sufficient stone to macadamize Edgmont avenue from the railroad to the city line.   Resolved, That the street committee be required to proceed forthwith, and that they procure sufficient force to finish the same without delay.   That the expense of the same be limited to one dollar per square yard after grading."   On May 10, 1869, the city council enacted a resolution requiring all property holders on Edgmont avenue to curb and pave the sidewalks in front of their respective properties within thirty days.   The street committee, on June 7, 1869, reported that the grading of Edgmont avenue was finished and

asked instructions relative to macadamizing the same, and the city council instructed the committee to advertise for proposals "for macadamizing said avenue with hard broken stone of a certain size and of a sufficient thickness and depth." The city council, on June 21, 1869, awarded the contract for macadamizing Edgmont avenue to S. McIlvaine & Son. The street committee, on January 3, 1870, reported to the city council that: "Edgmont avenue has been graded and macadamized from the railroad to the city line, and the sidewalks on both sides graded, curbed and paved." The evidence further showed that the council had from time to time ordered the bills to be paid to the contractor for the macadamizing, as the work progressed.

While it is true that municipal action cannot be assumed, but must be proved, the decision hereinbefore referred to clearly establish that it is not necessary to prove the municipal intention by the production of a formal ordinance declaring the purpose to change the character of the street. There was in this case sufficient competent evidence that the macadamizing of the street had been done under the express authority and direction of the city council, and the case was properly submitted to the jury. The subsequent action of the court, in entering judgment in favor of the plaintiff, notwithstanding the verdict, was erroneous.

The judgment is reversed and judgment is now entered, on the verdict, in favor of the defendant.