## Philadelphia to use, Appellant, *v.* Edmonds.

*Road law—First pavement—Repaving—Affidavit of defense.*

1. A first pavement in the legal sense, which exempts the abutting property owner from liability for any subsequent improvement, may be defined generally as one that is put down originally or adopted or acquiesced in subsequently, by the municipal authority, for the purpose and with the intent of changing an ordinary road into a street.

It may be of macadam or of anything else. That is a matter of evidence only. If the purpose and intent be wanting, a mere surfacing of the road, however carefully or expensively done, will not be a paving, but if the intent and purpose are present, or to be fairly inferred, then there is a paving whatever the material may be.

2. In an action by a city to the use of a contractor to recover the cost of a macadam pavement laid on a cartway abutting on defendant's property, an affidavit of defense is sufficient which avers that the city nine years previously had converted the street from its former character of a road into a public highway or city street, by laying upon it an original paving composed of material technically termed "Telford"; that this said "Telford" pavement is composed of materials of a much heavier character than those composing the pavement technically known as "Macadam" and that the manner in which "Telford" pavement is laid as opposed to the manner in which "Macadam" pavement is laid constitutes "Telford" pavement a much more enduring permanent and city street-like pavement than a "Macadam" pavement.

3. In such a case the defendant cannot set up against the use plaintiff, as a counterclaim, the value of certain granite blocks which the defendant had laid in front of his premises, and which plaintiff had removed.

Argued Oct. 15, 1914.    Appeal, No. 257, Oct. T., 1914, by plaintiff, from order of C. P. No. 1, Phila. Co., March T., 1914, No. 4,043, M. L. D. discharging rule for judgment for want of a sufficient affidavit of defense in case of Philadelphia to use of Union Paving Company v. Sara B. Edmonds or Sarah B. Edmonds, owner.    Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.    Affirmed.

Scire facias sur municipal lien to recover the cost of a macadam pavement laid on a portion of Upsal street abutting on defendant's property.

Defendant claimed an affidavit of defense and counterclaim, inter alia, as follows:

That the said city of Philadelphia by its duly authorized agent, the said department of public works, did during the year 1905 convert the said Upsal street between Wayne avenue and Wissahickon avenue from

its former character of a road into a public highway
or city street by laying upon the said portion of Up-
sal street an original paving composed of material
technically termed "Telford."

That this said "Telford" pavement is composed
of materials of a much heavier character than those
composing the pavement technically known as "Mac-
adam" and that the manner in which "Telford"
pavement is laid as opposed to the manner in which
"Macadam" pavement is laid constitutes "Telford"
pavement a much more enduring, permanent and city
street-like pavement than a "Macadam" pavement.

That your deponent is advised, and believes, and
therefore avers that the said plaintiff, the city of Phil-
adelphia, by laying upon Upsal street between Wayne
avenue and Wissahickon avenue, a "Telford" pavement
in the year 1905 changed the character of the said street
from a road to a city street or highway, and that
although paid for by the city, the said plaintiff thereby
constituted the said Telford pavement, the original
pavement and thereby exhausted its right to assess
the costs of subsequent resurfacing or repavement upon
the abutting property owners and in particular is
without power to assess against your said defendant
the costs of the repavement laid upon the said portion
of Upsal street under the authority of the ordinance
of the city of Philadelphia of July 3, 1913.

That your deponent is informed and believes and
therefore avers that those portions of the cartway
paving technically known as the gutter and shoulder
were not relaid on that portion of the south side of
Upsal street which is contiguous to defendant's property
in the repaving done under the authority of the said
ordinance of July 3, 1913, and that therefore the use
plaintiff, the Union Paving Company is without right
to demand payment for the same from any source
whatever and that the said plaintiff, the city of Phil-
adelphia, cannot under any construction of law . or

facts be allowed to charge the alleged cost of the same against the defendant.

That during the month of              1909, the defendant's grantor, having received permission from the city of Philadelphia, purchased sufficient paving material consisting of granite blocks, technically known as "Belgian" blocks, to repave all of the cartway contiguous to the property of the defendant and paid for the laying of the same. That subsequent thereto the said granite blocks became the property of the defendant.

That the said granite block pavement is one of the most permanent, satisfactory and expensive cartway pavements, but that nevertheless during the fall season of the year 1913, the plaintiff, without authority from the defendant, seized and took all of the said granite blocks, technically known as "Belgian" blocks, to wit, in a number in excess of 8,000, being of the value of $320, from the said portion of Upsal street, and carried away and converted and disposed of the same to said plaintiff's own use. And the defendant reasonably deserved to have of the plaintiff for the said granite blocks the sum of $320.00 which she has duly demanded, yet plaintiff has not paid the same or any part thereof.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*Walter Biddle Saul*, with him *Horace Michener Schell*, for appellant, cited: Philadelphia to use v. Edelman, 169 Pa. 452; Philadelphia to use v. Hafer, 38 Pa. Superior Ct. 382.

*W. Clark Mason*, with him *Howard Schell Baker* and *Franklin Spencer Edmonds*, for appellees, cited: Williamsport v. Beck, 128 Pa. 147; Harrisburg v. Segelbaum, 151 Pa. 172; Boyer v. Reading City, 151 Pa.

185; Leake v. Philadelphia, 171 Pa. 125; Philadelphia to use v. Ehret, 143 Pa. 1.

OPINION BY RICE, P. J., February 24, 1915:

For present purposes the allegation of paragraph 4 of the affidavit of defense must be accepted as verity. Therefore, the ordinance of July 19, 1902, will be left out of view in the determination of the question presented by this appeal from the court's refusal to enter judgment for the plaintiff notwithstanding the affidavit of defense. Paragraph 7 of the affidavit is in the nature of a legal conclusion, but paragraphs 5 and 6 allege facts which in our judgment are sufficient to prevent summary judgment.

In Phila. v. Eddleman, 169 Pa. 452, Mr. Justice MITCHELL elaborately reviewed all the pertinent decisions up to that time, and deduced therefrom this rule: "A first pavement therefore, in the legal sense, which exempts the abutting property owner from liability for any subsequent improvement, may be defined generally as one that is put down originally or adopted or acquiesced in subsequently, by the municipal authority, for the purpose and with the intent of changing an ordinary road into a street. It may be of macadam or of anything else. That is a matter of evidence only. If the purpose and intent be wanting, a mere surfacing of the road, however carefully or expensively done, will not be a paving, but if the intent and purpose are present, or to be fairly inferred, then there is a paving whatever the material may be."

True, Justice MITCHELL said in the same connection, it might perhaps be stated as a corollary to the rule that, "prima facie, macadamizing is not a street paving in Philadelphia or probably in other large cities, while on the other hand there may be a presumption the other way in smaller cities or towns." Giving to this utterance the force and effect of a positive decision, there cannot be deduced from it the legal conclusion, prima

facie or absolute, that paving a street in Philadelphia with the materials and in the manner described in the sixth paragraph of the affidavit is a mere surfacing or a mere repairing of the street, and is not an original street paving, within the true scope of the general rule. See Leake v. Phila., 171 Pa. 125.

Recurring to the general rule, it is seen that the controlling consideration in the determination of this class of cases is the absence or presence of the municipal purpose and intent of changing an ordinary road into a street. These must be proved, but not necessarily by formal ordinance declaring the purpose to change the character of the street: Chester City v. Evans, 32 Pa. Superior Ct. 641. As clearly appears in the foregoing statement of the rule, they may be inferred; and Harrisburg v. Funk, 200 Pa. 348; and Phila. v. Hafer, 38 Pa. Superior Ct. 382, which are relied upon by appellant's counsel, do not decide they may not be. Here, it is true, the affidavit of defense does not allege, in so many words, what the purpose and intent of the municipality was; but it does allege that the paving described in the sixth paragraph was done by the city by its duly authorized agent, the department of public works, and that thereby Upsal street, between Wayne avenue and Wissahickon avenue, was converted "from its former character of a road into a public highway or city street." In the absence of anything to the contrary, it seems reasonable to infer that the city's purpose and intention were to do what was actually accomplished.

In a long line of cases, beginning with Griffith v. Sitgreaves, 81 * Pa. 378, it has invariably been held that the act of 1874, allowing an appeal from an order discharging a rule for judgment for want of a sufficient affidavit of defense, was intended to reach only clear cases of error of law, and that in doubtful cases, especially those requiring broad inquiry into the facts, the matter in controversy should go to a jury trial. Concluding, as we do, after careful consideration, that

the appeal in the present case is within this well-settled rule, we have not discussed the merits of the case or the principles of law applicable to it further than seemed necessary to show the grounds of our conclusion.

With regard to the counterclaim set up in the affidavit of defense, it is to be noticed that it is not made by reason of any contract between the use plaintiff and the defendant, but is a claim made against the legal plaintiff, the city of Philadelphia, and, therefore, as counsel for appellant correctly say, comes within the ruling of McCracken v. Elder, 34 Pa. 239.

The appeal is dismissed at the costs of the appellant, without prejudice, etc.