# Philadelphia to Use of Mack Paving & Construction Co. *v.* Heyer, Appellant.

*Road law—Streets—Pavement—Original paving—Assessments—Foot-front rule—Property—Character of property as being urban or rural—Affidavit of defense—Sufficiency.*

In an action of scire facias sur municipal claim, the defendant averred in his affidavit of defense that the work was not the original paving of the street and that the property was not subject to assessment by the foot-front rule because it was rural not urban property.

It appeared from the affidavit of defense that the highway in question was a macadamized turnpike road, which the city condemned and took over as a public highway in 1902. It was claimed that the city changed the lines, grades, width and name of the highway and has maintained it "with the intent of changing the toll road into a village or city street."

It was not sufficient for a defendant to assert an intention on the part of the city, he must state facts from which the municipal intention may be properly inferred.

It is not sufficient to aver that property is rural in character without any statement as to the size of the lots, whether or not they are built upon, or to what uses they are devoted.

The affidavit of defense being insufficient to warrant submission of the case to a jury, no reversible error was committed in the entry of judgment for plaintiff for want of a sufficient affidavit of defense.

Argued October 17, 1922. Appeal, No. 47, Oct. T., 1922, by defendant, from judgment of C. P. No. 3, Philadelphia County, March T., 1921, No. 3696, M. L. D. for plaintiff for want of a sufficient affidavit of defense in the case of City of Philadelphia to the use of Mack Paving and Construction Co. v. Charles H. Heyer. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Scire facias sur municipal lien. Rule for judgment for want of a sufficient affidavit of defense. Before FERGUSON, J.

The opinion of the Superior Court states the case.

The court made absolute the rule for judgment. Defendant appealed.

*Error assigned* was the judgment of the court.

*Franklin S. Edmonds,* for appellant.—The allegations of the affidavit of defense were adequate to sustain a verdict for defendant had the case been allowed to go to a jury: Hammett v. Philadelphia, 65 Pa. 146; Williamsport v. Beck, 128 Pa. 147; Harrisburg v. Segelbaum, 151 Pa. 172.

The property was rural in character and not subject to assessment by the foot-front rule: Re Washington Avenue, 69 Pa. 352; Scranton v. Pa. Coal Company, 105 Pa. 445; Keith v. Philadelphia, 126 Pa. 575.

*Walter Biddle Saul,* of *Saul, Ewing, Remick & Saul,* for appellee.—The case is ruled by Philadelphia to use v. Hafer, 38 Pa. Superior Ct. 382; and the decision of the court below must be affirmed upon that authority.

OPINION BY PORTER, J., July 12, 1923:

This is an action of scire facias sur municipal claim for paving. The court below entered judgment for want of a sufficient affidavit of defense, and the defendant appeals. The defendant, by his affidavit, attempted to set up two grounds of defense: (1) that the work for which the assessment was made was not the original paving of the street, but a repaving of what had long been a city street, and (2) that the property was rural in character, and, therefore, not subject to assessment by the foot-front rule, which had been applied in this proceeding.

The affidavit asserted that the street in question was a "portion of one of the most ancient highways of the Commonwealth of Pennsylvania, viz, the direct highway from Philadelphia to New York, and that a turnpike was constructed and maintained thereon" by a company named, in 1804, and later by another duly incorporated

turnpike company, under the authority of the Act of Assembly approved April 14, 1840, P. L. 324; that the said turnpike companies constructed and maintained, upon the part of the highway in question, "a permanent macadam pavement, consisting of a solid foundation of stone, with a surface of smaller stones extending from curb to curb, and constituting a substantial, permanent and durable pavement, thereby changing the character of the said highway from a road to a city street"; that by decree of the Court of Quarter Sessions of Philadelphia County, entered in 1902, the said highway was condemned for public use free from tolls and gates, and thereafter the said roadway became the property of the City of Philadelphia. The affidavit further averred that the city had, since 1902, revised the curb lines of the street, changed the name thereof, revised the lines, grades and width of the avenue and "repaired and maintained the said roadway and repaved the said Bustleton Avenue from curb to curb within the limits aforesaid, from time to time, with macadam paving, and has maintained the said Bustleton Avenue within the limits aforesaid for the purpose and with the intent of changing the toll road into a village or city street; and thereby the city has recognized the macadam paving laid by the turnpike companies as the original pavement, and the road so laid and built was adopted and acquiesced in by the city as a well-paved city street." The foregoing are the material averments of the affidavit which relate to this particular branch of the case. It cannot be seriously contended that the construction of the highway by the turnpike companies constituted a city street between Philadelphia and New York. In Phila. v. Eddelman, 169 Pa. 452, the question here presented was directly involved. The affidavit of defense in that case set forth that the road was macadamized by the Ridge Turnpike Co. in 1811, and so maintained until it was acquired by the city in 1873; and since 1873 the city "has maintained the said road or turnpike as a public highway, and has repeatedly repaired

and repaved the same with macadam." The affidavit was held to be insufficient, the opinion of the Supreme Court, by Mr. Justice MITCHELL, saying: "There is nothing here to show that Ridge Avenue, where the appellant's property is situated, has ceased to be a road and become a street, still less that it has become so by municipal action or acquiescence......The affidavit showing that down to 1873 it was not a paved street, the burden was on appellant to show that its character in that respect had changed. This the affidavit fails to do. Mere maintenance of a highway, and repairs and repavings for the purpose of such maintenance, are all that are averred, and these are not sufficient": Phila. v. Dibeler, 147 Pa. 261. The only material difference between the affidavit of defense in that case and the one with which we are now dealing is that this affidavit asserts that the city, in maintaining and repairing the macadam paving did so, "for the purpose and with the intent of changing the toll road into a village or city street." It is not sufficient for a defendant to assert an intention on the part of the city, he must state facts from which the municipal intention may be properly inferred, and the authority above cited definitely establishes that a jury should not be permitted to infer a municipal intention to change the character of the street, from the facts set forth in this affidavit. Had this case gone to trial and the defendant proved all the facts properly stated in his affidavit, the court would not have been warranted in permitting the jury to pass upon the question of whether the work for which this claim was filed was an original paving of the highway as a city street or merely a repaving: Phila. v. Eddelman, supra; Harrisburg v. Funk, 200 Pa. 348; Phila. v. Edmonds, 64 Pa. Superior Ct. 469; Phila. v. Hafer, 38 Pa. Superior Ct. 382.

When we come to consider the second ground of defense set forth; that the property is rural in character, and not legally subject to assessment under the foot-front rule, we find in the affidavit of defense no averment

as to the size of the lots which directly abut upon the improvement, nor whether they are built upon. The affidavit says nothing about the uses to which the abutting property is devoted. The lot of the defendant has a frontage of 39 feet, 8 inches and a depth of 189 feet, 10 inches, but the affidavit is silent as to what improvements are thereon erected. The affidavit asserts that the property is located in the village of Bustleton, that it is a rural community located about twelve miles northeast from City Hall, Philadelphia, and extending in length along Bustleton Avenue about one mile, and in width less than half a mile; "that the said village is surrounded on all sides by open farm land which extends for five miles between the said village of Bustleton and the nearest improved section of the City of Philadelphia." The affidavit further asserts that the village has no municipal water system, except for fire purposes, and no other municipal improvements, except electric lighting. The propriety of making assessments according to the foot-front rule is dependent upon the character of the property which abuts upon the improvement, not upon that of land surrounding a village which is a mile long and half a mile wide. When the pavement is that of a street which passes through properties of widely varying character, with here and there a building directly fronting on the improvement, and wide intervals of land used exclusively for agricultural purposes, there can be no uniformity in the benefits resulting to such properties from the paving of a street, and the application of the foot-front rule must result in great injustice. "While the foot-front rule of assessment, it is true does not express a principle of taxation but merely a convenient method, yet its foundation is not in uniformity of value, but in uniformity of benefit......Properties in the same general situation are presumed to get the same general benefit from a common improvement, and as this benefit is assessed exclusively on the property abutting on the line of the improvement, it is presumed to be fairly

measured by the foot frontage of the property on that line, though values may be and usually are very different, and dependent on other circumstances, such as the depth of the lots, the buildings erected upon them, the use to which they are put, and their proximity to business centers" : Witman v. Reading City, 169 Pa. 389. The question of whether the property charged is urban or rural is one of fact and usually for the jury: McKeesport v. Soles, 165 Pa. 628. It is, however, incumbent upon a defendant to aver, in his affidavit of defense, the facts as to the conditions of the properties which abut upon the improvement, such facts as if proved would warrant the submission of the question to the jury. The City of Philadelphia covers a wide territory, and within its boundaries are many centers of population, which include within their respective limits well built up streets, the improvement of any one of which might properly sustain assessments according to the foot-front rule. We find in this affidavit no such averment of facts as would warrant a jury in finding that the property abutting on this improvement was not urban in character.

The judgment is affirmed.