# Borough of Montoursville *v.* Eck, Appellant.

*Municipalities — Boroughs — Streets — Paving — Front-foot rule — Urban or rural property — Case for jury.*

In proceedings to recover amount due for street paving under the foot-front rule, the question of whether the property is urban or rural is for the jury.

In such cases, it is proper to instruct the jury that in determining the character of the strip of land assessed, they must consider

the evidence as to all the property abutting upon the improvement and the uses to which such property was devoted.

The propriety of making assessments according to the foot-front rule is dependent upon the character of the property which abuts upon the improvement, not upon that of land surrounding a village or town. The mere fact that the property of a defendant has been always used as farm land does not determine whether that property is rural or urban. There may be in a city a square or several acres of ground used for pasture or growing crops, yet if it is in the midst of the city, it would be treated as city property, liable to assessment according to the foot-front rule.

Argued November 8, 1926. Appeal No. 77, October T., 1926, by defendant from judgment of C. P. Lycoming County, March T., 1922, No. 285, in the case of Borough of Montoursville v. James A. Eck. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Scire facias sur municipal lien. Before POTTER, P. J., Seventeenth Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict in favor of the plaintiff in the sum of $1,286.04 and judgment thereon. Defendant appealed.

*Errors assigned* were the charge of the Court and answers to points.

*Frank P. Cummings,* and with him *G. B. M. Metzger,* for appellant, cited: McKeesport v. Soles, 178 Pa. 363; Washington Ave, 69 Pa. 352; Hand v. Fellows, 148 Pa. 456.

*Max L. Mitchell,* and with him *W. W. Champion,* for appellee, cited: Witman v. Reading City, 169 Pa. 375, 391; Park Avenue Sewers, 169 Pa. 433, 437.

OPINION BY PORTER, P. J., March 3, 1927:

This is a proceeding by the plaintiff borough to recover by scire facias sur municipal claim, the amount

of an assessment—upon land of defendant—by the foot-front rule of its proportionate share of the cost of paving and curbing Broad Street in said borough. The defense was upon the ground that the property assessed was rural in character and that the assessment according to the foot-front rule was invalid. The trial resulted in a verdict and judgment in favor of the plaintiff and the appeal is by the defendant.

The defendant was, at the time of the improvement of the street, the owner of a farm containing about 217 acres. This tract had originally fronted about 2,210 feet on the south side of Broad Street and had extended back to the Susquehanna River, a depth of about a mile and a quarter. The defendant had sold off 600 feet of this Broad Street frontage as lots, by deeds which described the lots as extending back approximately 200 feet, which conveyances called for an 18 foot alley in the rear. This left title in the defendant to 1,610 feet frontage on the south side of Broad Street against which the municipal claim was filed. In making the assessment and filing the claim, the borough filed the lien against the land extending back 200 feet from Broad Street, thus adopting the depth of the lots which the defendant had fixed in conveying those lots which he had sold. It is not necessary, therefore, to inquire whether the borough might have filed a claim against the land of the defendant extending clear back to the Susquehanna River, for the defendant was not prejudiced by the action of the borough in abstaining from asserting a right to a lien upon the property in the rear of the lots fronting directly upon the street. The defendant concedes that the question whether the property was urban or rural was, under the evidence, a question for the jury. The first assignment of error complains that the court instructed the jury that they must decide whether the strip of land against which the borough

filed the lien was urban or rural, and not the character of the entire Eck farm. The propriety of making assessments according to the foot-front rule is dependent upon the character of the property which abuts upon the improvement, not upon that of land surrounding a village or town. The mere fact that the property of a defendant has been always used as farm land does not determine whether that property is rural or urban. There may be in a city a square or several acres of ground used for pasture or growing crops, yet if it is in the midst of a business part of the city, it would be treated as city property, liable to assessment according to the foot-front rule. "In a large city there may be thriving villages or suburbs some distance from the main body of the city, with large farms intervening on both sides of the street. In such cases the villages or suburbs would be considered as city property and the farms as rural. . . . . . . If the property on one side of the street be built up, or considerably built up, with residences, factories or other places of business, the vacant lots or farm land immediately across the street should as a general rule be considered city property. The owner on one side of the street may hold back until the land on the other side is divided into lots, sold and built upon, thus having his property greatly enhanced in value, and if not liable to an assessment for the improvement of the street, he would derive an unjust advantage over the other property owners": McKeesport v. Soles, 178 Pa. 366; Philadelphia v. Heyer, 81 Pa. Superior Ct. 243. In connection with the portion of the charge complained of the court instructed the jury that in determining the character of the strip of land assessed they must consider the evidence as to all the property abutting upon the improvement and the uses to which such properties were devoted. The first assignment of error is without merit and is dismissed.

The second, third and fourth assignments of error relate to the action of the court in excluding evidence as to the character of the property which surrounded the village, properties located at indefinite distances from the street which was paved. All the evidence as to the character of the property which directly abutted upon the street was admitted, as was, also, evidence as to the character of the property immediately back of the buildings upon the street and property within a reasonable distance of the line of the improvement. This was all that the defendant was entitled to have considered; to have admitted the evidence which was rejected would have been to disregard the principles recognized in the decisions above cited. But, further, in accordance with the stipulation of the parties in open court, the jury were sent to view the locality in question, "with the understanding that the defendant should be privileged to point out any changes which had been made since the improvement of Broad Street was completed, and that counsel for the parties will then and there agree on the changes he points out to have been actually made. Any disputes in regard to this matter will be resolved in favor of the defendant." The defendant thus had the advantage of having brought to the knowledge of the jury every fact concerning the conditions and surroundings of the property at the time the improvement was made. We find in the record no error which could possibly have prejudiced the cause of this appellant. The assignments of error are all overruled.

The judgment is affirmed.