## Borough of Wilson, Appellant, v. Eichlin.

Argued December 10, 1929.

Before PORTER, P. J., TREXLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Frank P. McCluskey,* and with him *Dudley A. Giberson,* for appellant.—The evidence is insufficient to show that the paving was intended as original and permanent: Philadelphia v. Burk, 288 Pa. 383; City of Easton v. Hughes, 66 Pa. Superior Ct. 589; Dick v. Philadelphia, 197 Pa. 467; Philadelphia v. Muller, 293 Pa. 360.

Statements made by members of council concerning the paving of the highway were inadmissible: Philadelphia v. Shallcross, 95 Pa. Superior Ct. 435; Chester

v. Eyre, 181 Pa. 642; Kittanning Borough v. Thompson, 211 Pa. 169.

*Calvin F. Smith,* of *Smith & Paff,* for appellee, cited: Philadelphia to use v. Heyer, 81 Pa. Superior Ct. 243; Easton City v. Hughes, 66 Pa. Superior Ct. 589; Philadelphia v. Edmonds, 59 Pa. Superior Ct. 318; Philadelphia v. Hafer, 38 Pa. Superior Ct. 382; Philadelphia v. Eddelman, 169 Pa. 452.

OPINION BY GAWTHROP, J., February 28, 1930:

This is an appeal by plaintiff from a judgment entered on a verdict for defendant in an action of scire facias sur municipal lien for street paving. The principal ground on which defendant resisted the claim was that the street had been formerly paved and improved by the municipal authorities at the cost and expense of the municipality, with the intention of making it a permanent improved street. The learned trial judge determined that the evidence was sufficient to show, not only the permanent character of the prior construction, but also the intention of the municipality to convert the highway into a permanent improved street. The questions raised in this appeal, as specified in the statement of questions involved, are two: (1) Sufficiency of the evidence to establish the intention of the municipality to convert the highway into a permanent improved street by the prior improvement thereof; (2) competency of declarations of individual members of borough council to show the intent of council in improving the street.

Defendant's property, against which the lien was filed, is situated on the north side of Northampton Street in plaintiff borough. The borough joins the City of Easton on the west and Northampton Street is a continuation of one of the principal streets in the City of Easton, running east and west. It was formerly a part of an ordinary thirty-three foot country

road leading westwardly from Easton to Nazareth. In 1907, before the borough was incorporated, the County of Northampton, together with the State Highway Department, improved this road by laying in the center thereof a strip of water-bound macadam, about sixteen feet in width, the construction being what was known as a telford road. This improvement was made with the intention of making a permanently improved road of that width. In 1920 the Borough of Wilson was incorporated and in 1921 it ordained said highway as a fifty foot wide street from curb to curb and called it Northampton Street. After the street was widened and the curbs were set, there was a strip of unimproved highway bounding the improved telford road on each side of the street. In May, 1922, the borough enacted an ordinance authorizing the increase of indebtedness of the borough to provide funds, inter alia, "for general improvements on certain highways," of the borough, the sum of $12,000 being appropriated for "Northampton, 15th Street to E. & N. R. R." At the trial it was agreed by the parties that the part of the highway which was built by the County of Northampton, together with the State Highway Department, in 1907 was a permanently improved telford macadam road constructed with the intention of making it a permanently improved road of fourteen to eighteen feet in width in front of the premises of defendant. The dispute in the case was as to what was done by the borough in the process of improving the part of the street between the telford macadam strip in the center and the curb lines, and the intention with which it was done. The borough contended that it merely made temporary repairs to that part of the street until such time as it might be able to provide an up-to-date modern paving. The defendant contended that the borough laid thereon oil-bound macadam which made the paving on the sides of the street conform substantially with the center strip; that it was intended by

the borough as a permanent improved paving. The borough has now paved the sides of the street with concrete so as to conform to a new concrete pavement laid in the center of the street by the county and the State Highway Department, and seeks to collect from defendant his share of the cost assessed according to the foot front rule.

The facts relied upon by defendant to show a first paving are that in 1921 the borough supervisor, under the direction of the highway committee, widened the street, excavated the space between the gutters and the old telford macadam strip, filled in "with large crushed stone at the bottom, the finer crushed stone on the top and then some more stuff on the top and then the tarvia on top of that;" and in effect laid a modern stone macadam pavement on the sides thereof and made that part of the street conform to the central portion of the street which, as plaintiff admitted, had been constructed with the intention of making it a permanently improved telford macadam road; that when the highway department was engaged in widening the street defendant met one Musser, a member of the borough council, in front of the property of the former; that Musser asked him to give the borough the privilege of appropriating enough of his ground to permit the widening of the street at that point, and told him that the borough intended to put down a permanent improved roadway from gutter to gutter; that about the same time individual members of council promised other owners of property affected by the widening of the street that the borough intended to put down a permanent improved roadway which "would cost them nothing." While there was a dispute under the evidence as to just what work was done upon the sides of the street by the borough, and the jury might have found from the evidence that it amounted to no more than a temporary repairing of the street, we are constrained to hold that the evidence was sufficient to sup-

port a finding that the improvement was permanent in character. There is no question but that macadamizing may be regarded as a first paving, as the term is understood, if it was the intention of the municipal authorities to so use it: Pottsville v. Jones, 63 Pa. Superior Ct. 180, 187. The controlling consideration in the determination of this class of cases is the municipal purpose and intent of changing an ordinary road into a street: Phila. v. Edmonds, 59 Pa. Superior Ct. 318; Easton City v. Hughes, 66 Pa. Superior Ct. 589. This intent must be proved, but not necessarily by a formal ordinance declaring the purpose to change the character of the street: Chester City v. Evans, 32 Pa. Superior Ct. 641. The work was done by the duly authorized agents of the borough and paid for by it. We cannot say that the competent evidence in the record does not warrant the inference that the borough intended to do what it actually accomplished, that is, permanently improved the sides of the street by making them conform substantially with the other part of the street which was admitted to have been permanently paved. It follows that the court was right in submitting the case to the jury and refusing plaintiff's point for binding instructions and its motion for judgment non obstante veredicto.

The remaining question is whether the learned trial judge committed reversible error in permitting defendant to introduce as evidence the declarations of individual members of the borough council to the effect that it was the intention of the borough to make the strip in front of defendant's premises a permanently improved street. After full consideration, we are unable to escape the conclusion that he did. Municipal intent cannot be proved in that manner. Counsel for defendant seem to have recognized this fact when they undertook to introduce this evidence; for, they stated to the trial judge that they would follow the evidence by introducing the minutes of the borough council

showing such municipal intent. But this evidence was not offered. This is a case in which there is an absence of formal municipal action showing municipal intent to construct a permanent improved street. The entire absence of such formal municipal action is strong presumptive evidence of lack of such municipal intent. The evidence of these declarations of members of the borough council may have had, and probably did have, great weight with the jury in deciding the controlling question in the case, the absence or presence of municipal intent to convert the sides of the street into a permanently improved street. In view of the sharp conflict in the testimony on both the question of the character of the improvement made and the purpose thereof, we cannot say that the error was harmless.

The first, second and fourth assignments of error are sustained, the others are overruled, the judgment is reversed and a new trial granted.