## McKeesport v. Catherine Soles, Appellant.

*Road law—Assessments for benefits—Foot-front rule.*

Assessments on individual properties for public improvements can only be made to the extent of the local and special benefit received therefrom, and the system of assessments by the foot-front rule cannot be constitutionally applied in rural neighborhoods. The question whether the property sought to be charged is urban or rural, is one of fact, and usually for the jury.

In a proceeding to assess benefits the evidence was in effect that defendant's land was mainly farm land with a frontage of half a mile on the street, but with the principal part lying back, and not accessible from the

street; that it was a rough tract, unsuitable for building on, and elevated some feet above the grade of the street; that it was some distance from the built-up portion of the town, and the intermediate buildings and improvements were rural rather than urban in character. It also appeared that the land upon the opposite side of the street was divided into lots on which dwelling houses were erected; but it appeared that the street was upon the line of an old state road, and it was claimed that the lots and buildings were merely the usual development of rural property on the line of such a road. *Held,* that the question whether the property was urban or rural, was for the jury.

Argued Nov. 6, 1894. Appeal, No. 246, Oct. T., 1894, by defendant, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1892, No. 126, on verdict for plaintiff. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Sci. fa. sur municipal lien. Before WHITE, J.

At the trial it appeared that a lien was filed against defendant's property for grading, paving and curbing Fifth avenue for the sum of $10,394.31, the assessment being made according to the foot-front rule. Evidence on behalf of defendant tended to show that the land lying back from the street was used only for farming purposes, and that a large portion of it was hilly, rough, uncleared, and inaccessible from Fifth avenue; that it was some distance from the built-up portion of the borough, and that the intermediate buildings and improvements were rural rather than urban in character. It also appeared that Fifth avenue was upon the line of an old state road, and that the land upon the opposite side of the avenue was laid out in lots upon some of which dwellings had been erected.

Binding instruction was given for plaintiff.

Verdict and judgment accordingly. Defendant appealed.

*Error assigned* was above instruction, quoting it.

*A. M. Brown, John D. Brown* with him, for appellant, cited: Seely v. Pittsburg, 82 Pa. 360; Washington Ave., 69 Pa. 352; Keith v. Phila., 126 Pa. 575.

*W. B. Rodgers, R. C. Rankin* with him, for appellee.—The evidence shows that the property was ripe for city treatment.

OPINION BY MR. JUSTICE MITCHELL, Jan. 7, 1895:

Assessments on individual properties for public improvements can only be made to the extent of the local and special benefit received therefrom, and the system of assessment by the foot-front rule has only been sustained on the ground that in cities and large towns where population is dense and lots are small, it is a fairly approximate and just measure of such benefits: Washington Av., 69 Pa. 352, 361; Seely v. Pittsburg, 82 Pa. 360; Craig v. Philadelphia, 89 Pa. 265.    In rural neighborhoods and other places such a rule is not applicable and cannot be constitutionally applied: Id.    The question whether the property charged is urban or rural is one of fact and usually for the jury.    Scranton v. Coal Co., 105 Pa. 445.

The learned judge below was of opinion that this question was not open to contention in the present case, and therefore took it away from the jury.    In this we think there was error. The local act of 1867 is exceedingly arbitrary in its provisions and liable to work very great injustice.    Proceedings under it therefore should be carefully scrutinized and held with a firm hand for the protection of private rights.    The appellant's property, upon which a very heavy assessment was levied apparently without her knowledge or opportunity to be heard, is admitted to be, mainly at least, farm land with a frontage of half a mile on the street in question, but the principal part lying back, and not accessible from the street.    There was evidence that it is a rough tract, unsuitable for building on, and elevated some feet above the grade of the avenue.    It is at some distance from the built-up portion of the town of McKeesport, and the intermediate buildings and improvements are claimed to be rural rather than urban in character.    A very important fact on which much stress was laid, was the division of the property on the opposite side of the street into lots and dwellings.    Ordinarily such fact would be controlling evidence of the extension of the town to that neighborhood, but this effect is modified by the other fact that the avenue is laid upon the line of an old state road, and the lots and buildings in question are claimed to be only the usual development of rural property on the line of such a road, and therefore not conclusive of the growth of the town in that direction.    All the evidence bearing on this question should have been submitted to the jury.

Judgment reversed and venire de novo awarded.