## City of McKeesport *v.* Catherine Soles, Appellant.

*Road law—Assessments—Rural property.*

What is rural and what is urban property within the meaning of the law as to street improvement, depends largely on the special circumstances of each case. The character of the locality, its streets, lots, buildings and improvements, and the market value of the property, as also of the neighboring and surrounding properties, must be considered. If the buildings and improvements in the neighborhood are few and scattered, and partake of the character of the country rather than of the city or town, and are occupied by persons engaged in rural pursuits, the locality should be considered rural; on the other hand if the houses and improvements partake of the character of the city or town, and are mainly occupied by persons engaged in city pursuits, the locality should be considered as city and not rural.

Argued Oct. 28, 1896. Appeal, No. 51, Oct. T., 1896, by defendant, from judgment of C. P. No. 2, Allegheny Co., Jan. Term, 1892, No. 126, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Scire facias sur municipal lien for grading and paving a portion of Fifth avenue in the city of McKeesport. The case was previously reported in 165 Pa. 628.

At the trial the case turned on whether the defendant's property was urban or rural.

The court, WHITE, J., charged in part as follows :

[The principle of all these local assessments is that the properties are benefited by these local improvements, and therefore ought to pay for them, and that is a sound principle. Where there is a public benefit, or any improvement for the general public, it is paid for by general taxation; but these local improvements, where the properties are benefited by it, the properties should pay for. The only difficulty in the case I have mentioned was to get at a rule for assessing the benefits. The foot front rule was adopted ; that is, that the expense should be borne by the property holders according to the frontage of their property at so much a foot front. That was sustained in this state and nearly all the improvements made in the city—out in the rural regions of our city—were made and paid for on that basis. But there was a disposition to extend that beyond all reason, and hence it led to a reaction. The case was what is called Washington Avenue Improvement. That was the case of an avenue that was laid out on the southern side of the city, to extend away out into the country, through farms miles out in the country, by a special act authorizing it to be done, and authorizing an assessment of the farms for a distance on each side. When that came before the Supreme Court, they said that was wrong ; that while this foot front rule was right enough in cities, it could not be extended to farm land, and that an improvement of that kind, running out miles through the country, through farm land, was a perversion of that principle, was unconstitutional and wrong. So in the Penn Avenue case, persons living out in East Liberty, miles from the city, wanted to have a magnificent driveway in place of the old Greensburg pike, and they got a special act of the legislature, authorizing that to be constructed. At that time there were a good many farms between what was known as East Liberty and the city, and they undertook to assess all those farm lands and everybody along the line of Penn avenue so much a foot front, and that was declared by the Supreme Court unconstitutional, and the principle in those cases was announced that rural property could not be taxed by the foot front for an improvement of that kind. But never heretofore have we had a clear and satisfactory definition of what is to be understood as rural property, in the sense that it is not liable to an assessment

for street improvements; the principle has been announced, but no clear definition of it, perhaps because none of the cases required that. The cases that went up were manifestly through rural property, through farms on both sides, and there was no pretense of it being town land, but it was entirely and undoubtedly farm land.] [6]

[Now in this case before you, allowing credit for the damages resulting from the grade, it comes down really to the expense of paving and curbing that street. As I said to you, the Supreme Court has not yet given a clear definition of what is meant by rural property, in the sense that it is to be exempt from assessments for the improvement of a street. This case, however, requires me to give you some instructions on that point. I will endeavor to do so, and to define what is meant by rural property, and to illustrate its meaning by referring to cases that may happen. The land in this case is farm land. Mrs. Soles has a farm of fifty or sixty acres, which fronts on this avenue one thousand and sixty-three feet. It has always been used as farm land, either for cultivation or for pasture, and is not laid out into lots. That is proved here and is admitted; but those facts do not decide this contention. As I have said, the land has always been used for farm purposes, either for growing crops or for pasture, and has never been laid out into lots. In that sense, it is rural property, but this fact does not determine the present controversy. The question is: Is it rural in the sense that it is not liable under the law to be assessed for the improvement of the street? It is very difficult to give a clear definition of what is to be considered rural property, in contradistinction from city property, so as to be exempt from liability or assessments for street improvements. The character of the locality, the streets, lots, buildings and improvements, and the market value of the property, as also of the neighboring and surrounding properties, must be considered. Whether the particular property in dispute is to be considered rural or city, depends largely upon its surroundings and the character of the property in the neighborhood. If the buildings and improvements in the neighborhood are few and scattered; if they partake of the character of the country rather than of the city or town, and are occupied by persons engaged in rural pursuits; the locality should be considered rural. On the other hand, if

the houses and improvements partake of the character of the city or town and are mainly occupied by persons engaged in city pursuits, the locality should be considered as city and not rural. A locality which is laid out in small lots, of the usual size, for city or town lots, and partly built upon with city improvements, such as paved streets, gas or water pipes, should be considered in the class of city property. There may be in the city a square or several squares or several acres of ground used only for pasture or growing crops, yet, if in the midst of a business part of the city, it would be treated as city property, liable to a street assessment. In a large city there may be thriving villages or suburbs some distance from the main body of the city, with large farms intervening on both sides of the street. In such cases the villages or suburbs would be considered as city property and the farms as rural, but if the intervening territory be devoted to fine residences ornamented with trees and shrubbery and occupied by business men of the city, it would be classed as city property. If the property on one side of the street be built up, or considerably built up, with residences, factories or other places of business, the vacant lots or farm land immediately across the street should as a general rule be considered city property. The owner on one side of a street may hold back until the land on the other side is divided into lots, sold and built upon, thus having his property greatly enhanced in value, and if not liable to an assessment for the improvement of the street, he would derive an unjust advantage over the other property owners. I can hardly conceive of a case where the property on one side of the street is to be considered as city property and that on the other side as rural. It might possibly be where there were no improvements whatever on that side of the street.] [7]

Verdict and judgment for plaintiff for $8,605.56. Defendant appealed.

*Errors assigned* among others were (6, 7) above instructions, quoting them.

*A. M. Brown*, with him *John D. Brown*, for appellant.— Property used as farm land cannot be assessed according to the foot front rule for improvements to a street upon which it fronts.

The costs of improving streets along rural property should be borne equally by all the taxables of the municipality: Scranton v. Coal Co., 105 Pa. 445; Philadelphia v. Rule, 93 Pa. 15; Craig v. Phila., 89 Pa. 265; McKeesport v. Soles, 165 Pa. 628; Seely v. Pittsburg, 82 Pa. 360.

*W. B. Rodgers*, with him *T. C. Jones*, for appellee.

PER CURIAM, November 9, 1896:

This case appears to have been tried substantially on the lines indicated by this court when it was here last year: McKeesport v. Soles, 165 Pa. 628. We find nothing in the record that would justify us in sustaining either of the specifications of error; nor do we think they involve any question that requires discussion. As was well said by the learned trial judge, in his charge, "It is very difficult to give a clear and satisfactory definition of what is to be considered rural property in contradistinction from city property, so as to exempt from liability to assessment for street improvements." This is followed by about a page of instructions which, in view of the evidence before the jury, are as correct and pertinent as could have been given in this case. Generally speaking, the inquiry as to what is rural and what is urban property, within the meaning of the law, is one to which no hard and fast rule can be safely applied. It necessarily depends largely on the special circumstances of each case. There appears to be nothing in the record that requires special notice.

The assignments of error are all dismissed, and the judgment is affirmed.