## Philadelphia to use *v.* Dobbins, Appellant.

*Evidence—Expert witnesses—Opinion of expert—Municipal lien—Urban property.*

Where mere descriptive language is inadequate to convey to the jury the precise facts of their bearing on the issue, the description of the witness must of necessity be allowed to be supplemented by his opinion, in order to put the jury in position to make the final decision of the fact. But where the circumstances can be fully and adequately described to the jury, and are such that their bearing on the issue can be estimated by all men, without special knowledge or training, opinion of witnesses, expert or other, are not admissible.

Where on the trial of a municipal claim for the costs of a sewer, a question is raised as to whether the property is rural or urban, and it appears that the circumstances relating to the land are susceptible of being fully and adequately described to the jury, and are such that the jury can estimate their bearing on the issue, and draw conclusion therefrom, the opinions of real estate experts as to whether the property is rural or urban are not admissible.

*Evidence—Cross-examination—Scire facias sur municipal lien—Credibility of witness.*

On the trial of a scire facias sur municipal lien, where a witness has given testimony in chief, tending to show that the property in question is rural, it is competent on cross-examination to interrogate him as to acts on his part in the management of the same property which were inconsistent therewith and this for the purpose of affecting his credibility as a witness.

Argued Oct. 21, 1903. Appeal, No. 129, Oct. T., 1903, by defendant, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1896, No. 1533, on verdict for plaintiff in case of Philadelphia to use of John McCann to use of Joseph N. Ruch v. Estate of Richard J. Dobbins, Deceased, et al. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Scire facias sur municipal lien for the cost of a sewer. Before WILLSON, P. J.

At the trial the following offer was made:

Abraham G. Rapp, having been called by defendant and sworn, and having testified that he is manager for the estate of

Richard J. Dobbins, consisting largely of real estate in the city of Philadelphia, including both large and small tracts of land; that he is experienced in buying, selling and developing real estate in the city, having bought and sold various pieces of property, both of rural and built up character, and having described the property in question and its surroundings, referring to the time the sewer was laid, was asked by counsel for defendants the following question:

" Q. State the character of this property as regards its being suburban property."

Objected to.  Objection sustained.  Exception for defendants. [1]

The opinion of other real estate experts were also excluded. [3–6]

When Abraham G. Rapp was under cross-examination he was asked this question:

Mr. Edmunds: I offer to show that from 1896 until the present time the estate of R. J. Dobbins has made payments of the taxes upon those properties on Orthodox street, both sides of the street, upon the basis of a full city classification.

The Court: Do you mean without any objection?

Mr. Edmunds: Without any objection, any appeal, or anything else.

Objected to.  Objection overruled.  Exception for defendants. . . . [7]

Mr. Edmunds: " Q. My question is: Did not the estate of R. J. Dobbins, through you as its manager, in August, 1896, pay city taxes at the full city rate upon all of the property fronting on Orthodox street, on both sides of the street? . . . . A. For 100 feet along Orthodox street I said the bills are made at city rates. . . . Q. Then, as a matter of fact, it does not appear from those bills that every inch of the property owned by the estate of R. J. Dobbins, on either side of Orthodox street and fronting on Orthodox street, was paid for, without protestation by you, at full city rates, in 1896 ?   A. One hundred feet deep."

Verdict and judgment for plaintiff for $284.21.  Defendant appealed.

*Errors assigned* were (1–7) rulings on evidence, quoting the bill of exceptions.

*Elias P. Smithers,* with him *Furman Sheppard Phillips,* for appellant, cited: Keith v. Philadelphia, 126 Pa. 575 ; Harrisburg v. McPherran, 14 Pa. Superior Ct. 473 ; Washington Ave., 69 Pa. 352; Seely v. Pittsburg, 82 Pa. 360 ; Hand v. Fellows, 148 Pa. 456 ; McKeesport v. Soles, 165 Pa. 628 ; Phila. v. Lukens, 16 Phila. 197 ; Graham v. Penna. Co., 139 Pa. 149 ; Denniston v. Phila. Co., 1 Pa. Superior Ct. 599; Com. v. Hufnal, 4 Pa. Superior Ct. 301, 326, 327 ; Swank v. Carnegie Natural Gas Co., 5 Pa. Superior Ct. 371 ; Phila. v. Gowen, 202 Pa. 453.

*Charles H. Edmunds,* for appellee, cited: Graham v. Penna. Co., 139 Pa. 149; Franklin Fire Ins. Co. v. Gruver, 100 Pa. 266 ; Lineoski v. Susquehanna Coal Co., 157 Pa. 153 ; Livingston v. Cox, 8 W. & S. 61 ; Maitland v. Gilbert Paper Co., 97 Wis. 476 (72 N. W. Repr. 1124) ; Holmes v. Allegheny Traction Co., 153 Pa. 152; Platz v. McKean Township, 178 Pa. 601 ; Auberle v. McKeesport, 179 Pa. 321 ; Musick v. Latrobe Borough, 184 Pa. 375 ; Woeckner v. Erie Electric Motor Co., 187 Pa. 206 ; Lukens v. Phila., 13 W. N. C. 86.

OPINION BY RICE, P. J., January 21, 1904:

1. It is contended that the court was in error in refusing to allow defendants' witnesses to state their opinion as to whether the property was rural or urban at the time the sewer was constructed.   The question, as presented here, is not whether they had shown themselves qualified to testify as real estate experts. It may be conceded that there were matters involved in the issue, upon which they were qualified, and, under the decisions, would have been permitted to give an opinion.   But that a real estate expert, no matter how well qualified to testify as to such subsidiary matters, as for example values or demand for building lots, ought to be permitted to give his opinion that the property is rural or urban, that being the very issue, and virtually the whole issue, the jury had to decide, is an entirely different proposition.   Generally speaking, the inquiry whether a property is rural or urban, within the meaning of the law relative to special assessments for local improvements, "is one to which no hard and fast rule can be safely applied.   It necessarily depends on the special circumstances of each case: " McKeesport

v. Soles, 178 Pa. 363. If these are in dispute, or being undisputed, the conclusion to be drawn therefrom is to such degree in doubt that a verdict either way would be sustained, the court should submit the question to the jury with adequate instructions appropriate to the particular case. Necessarily, the opinion of a witness that the property is rural or urban, within the meaning of the law relative to local assessments, based on his knowledge of the property and its surroundings, is a deduction from facts, which may or may not be established by the evidence to the satisfaction of the jury. If the latter be the case, it can be of no legitimate value as an aid to the jury, and for that reason, as well as because the determination of the facts, from which the conclusion upon the main question is to be drawn, is exclusively for the jury, ought to be rejected by them. But how is it to be ascertained whether they have drawn this distinction, and rejected the opinion of the witness based on facts not found by them? The obvious difficulties arising from the admission of opinion evidence in such an issue as this, based on a hypothetical state of facts which may not be established to the satisfaction of the jury, furnish a reason, though perhaps not conclusive in itself, for not enlarging the exceptions to · the general rule that the province of a witness is to state facts, and that of the jury to draw conclusions from them. But even if there be no dispute as to the facts in evidence, the opinion of the witness, though based on the same facts from which the jury are to draw their conclusion, must necessarily be formed without the aid, which the jury has, of the instructions of the court as to the pertinency of the facts and their bearing upon the question for decision. Unless it be assumed, which would be unwarrantable, that it is not within the province of the court, either to direct or advise the jury upon these matters, the objection we have last suggested would seem to be worthy of consideration. The case of McKeesport v. Soles, 178 Pa. 363, furnishes an illustration upon this point: for in that case the trial judge instructed the jury that if certain conditions were found to exist the property should be considered urban, otherwise it should be considered rural, and upon appeal it was held that he did not exceed his province. This tends to show that· the question put to the witnesses in the present case, being the precise question to be decided by the jury under appropri-

ate instructions, was a mixed one of law and fact. But passing these objections, and assuming that they are not conclusive, we think the question was properly excluded, for the reason that the subject-matter of the suit was not such as to make the admission of opinion evidence upon the main question necessary in any proper meaning, whether liberal or strict, that can be ascribed to that term ; and it is well settled in Pennsylvania " that the ground on which such evidence must always rest, as expert testimony strictly so-called does, is a clear necessity:" Graham v. Penna. Co., 139 Pa. 149. In the case last cited the subject was elaborately considered upon reason and authority, and a principle enunciated, the correctness of which has been recognized in many subsequent cases, some of which are cited in our own case of Closser v. Washington Township, 11 Pa. Superior Ct. 112, at p. 124. In Auberle v. McKeesport, 179 Pa. 321, it was reiterated in the following clear and emphatic language of the present chief justice : " The rule on the subject is that where mere descriptive language is inadequate to convey to the jury the precise facts or their bearing on the issue, the description of the witness must of necessity be allowed to be supplemented by his opinion, in order to put the jury in position to make the final decision of the fact. But where the circumstances can be fully and adequately described to the jury, and are such that their bearing on the issue can be estimated by all men, without special knowledge or training, opinions of witnesses, expert or other, are not admissible. The rule in this form was settled by Graham v. Penna. Co., 139 Pa. 149, and has not been departed from. Whether its application to existing facts in subsequent cases has always been correct, is a matter on which opinions may naturally differ, because as was said in that case, quoting Chief Justice SHAW in N. E. Glass Co. v. Lovell, 61 Mass. 319, ' there is extreme difficulty in laying down any rule precise enough for practical application, and the only proper course is to keep the principle steadily in view, and apply it according to the circumstances of each case. ' " We conclude that the circumstances pertinent to the question for decision were susceptible of being fully and adequately described, and were such that a jury of the vicinage, under appropriate instructions by the court, could estimate their bearing on the issue and draw a correct conclusion there-

from, without the aid of the opinions of men familiar with real estate transactions upon the question whether the property was rural or urban at the time when the sewer was constructed.

2. Upon cross-examination, the plaintiff's counsel were permitted, under objection and exception, to ask a witness called by the defendants whether, in the year the sewer was constructed, he, as their manager of this property, had not paid taxes thereon at the full city rate without protest or appeal. This ruling is the subject of the sixth assignment of error. In the case of Philadelphia v. Gowen, 202 Pa. 453, wherein the question was whether or not the property was rural, it was held that the records of the board of revision of taxes, which showed that in the year the work was done the property was assessed as urban at the full city rate, were not admissible in evidence for the plaintiff for the purpose of proving that the property was urban. The reasoning of the decision would seem to apply with equal, if not greater, force to an offer by the plaintiff to prove the fact of the assessment in any other way, the purpose of the offer being the same as in the case cited. But that is not the question raised by the assignment. The witness had given testimony in chief tending to show that the property was rural. It was competent on cross-examination to interrogate him as to acts on his part in the management of the same property which were inconsistent therewith; this for the purpose of affecting his credibility as a witness. We cannot say that the latitude of interrogation for that purpose, which the trial court in the exercise of a sound discretion may allow, was exceeded. See Germain Fruit Co. v. Roberts, 8 Pa. Superior Ct. 500.

All the assignments of error are overruled and the judgment is affirmed.