## Philadelphia, Appellant, *v.* Manderfield.

*Municipal lien—Farm property—Rural property—Question for jury.*
Where on the trial of a scire facias sur municipal lien a controversy arises as to whether the land should be classed as rural or city property, the test to be applied depends upon the conditions existing at the time when the improvement was made, and not at the time when the ordinance authorizing it was enacted, or at the time the issue founded on the lien is tried in court. The determination of the question depends largely upon the special circumstances of each case, and is for the jury.

Argued Oct. 16, 1906. Appeal, No. 122, Oct. T., 1906, by defendant, from judgment of C. P. No. 4, Phila. Co., June T., 1900, No. 38, on verdict for defendant in case of City of Philadelphia v. John R. Manderfield. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Scire facias sur municipal lien for water pipe. Before WILLSON, P. J.
The opinion of the Superior Court states the case.
Verdict and judgment for defendant.

*Error assigned* was in giving binding instructions for plaintiff.

*Francis M. McAdams*, with him *James Alcorn*, assistant city solicitor, and *John L. Kinsey*, city solicitor, for appellant.

*Alfred I. Phillips*, for appellee.

OPINION BY ORLADY, J., February 25, 1907 :
In June, 1900, the city filed its lien, $490, for laying water pipe in the bed of Wyoming avenue in front of premises owned at that time by John R. Manderfield. A scire facias was issued thereon in 1905, and the cause came on for trial in 1906, the defense being that the property covered by the lien was farm or rural property, and was not subject to assessment according to the foot front rule. On the trial the

only question in controversy was whether the land should be classed as rural or city property. This was fairly submitted to the jury, who returned a verdict for the defendant. The test of liability to lien in such a case depends upon the conditions existing at the time when the improvement is made, and not at the time when the ordinance authorizing it is enacted, or at the time the issue founded on the lien is tried in court: Keith v. Phila., 126 Pa. 575 ; Philadelphia v. Gorgas, 180 Pa. 296.

"It is very difficult to give a clear and satisfactory definition of what is to be considered rural property in contradiction from city property, so as to exempt from liability to assessments for street improvements. Generally speaking, the inquiry as to what is rural and what is urban property, within the meaning of the law, is one to which no hard and fast rule can be safely applied. It necessarily depends largely upon the special circumstances of each case : " McKeesport v. Soles, 178 Pa. 363 ; Philadelphia v. Dobbins, 24 Pa. Superior Ct. 136. In rural neighborhoods the foot rule is not applicable and cannot be constitutionally applied. The question whether the property charged is urban or rural is one of fact and usually for the jury : McKeesport v. Soles, 165 Pa. 628; Norristown v. Fornance, 1 Pa. Superior Ct. 129 ; Philadelphia v. Weaver, 14 Pa. Superior Ct. 293. While the evidence in this case in regard to the character and surroundings of the property was conflicting, a different verdict than the one returned by the jury would have been against its manifest weight, and the whole question was so fully and fairly submitted by the trial judge that the plaintiff did not except to his charge.

The judgment is affirmed.