## Philadelphia to Use of Mack Paving & Construction Co. v. Neely and Neely, Appellants.

*Road law — Streets—Pavement—Assessments—Foot-front rule— Property—Character of property as being rural or urban—Affidavit of defense—Sufficiency.*

In an action of scire facias sur municipal claim, the defense was that the property was not subject to assessment by the foot-front rule because it was rural not urban property.

The affidavit of defense contained averments that the property and that adjacent to it was open farm land, cultivated for agricultural purposes, and that the land in question was assessed by the city as farm or suburban land. It was averred that the village which adjoined the property on one side was a rural community

248, (1923).]    Syllabus—Opinion of the Court.

without municipal improvements except electric lights and water for fire purposes.

The averments of the affidavit were sufficient to raise a question of fact to be decided by a jury, and it was error to enter judgment for plaintiff for want of a sufficient affidavit of defense.

Argued October 17, 1922.    Appeal, No. 205, Oct. T., 1922, by defendants, from judgment of C. P. No. 3, Philadelphia County, March T., 1921, No. 3707, M. L. D., for plaintiff for want of a sufficient affidavit of defense in the case of City of Philadelphia to the use of Mack Paving and Construction Co. v. Marvin Y. Neely and Clara E. Neely.    Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.    Reversed.

Scire facias sur municipal lien.    Rule for judgment for want of a sufficient affidavit of defense.    Before FERGUSON, J.

The opinion of the Superior Court states the case.

The court made absolute the rule for judgment.    Defendants appealed.

*Error assigned* was the judgment of the **court.**

*Franklin S. Edmonds,* for appellants.

*Walter Biddle Saul,* of *Saul, Ewing, Remick* and *Saul,* for appellee.

OPINION BY PORTER, J., July 12, 1923:

This is an action of scire facias sur municipal claim for paving, assessed according to ·the foot-front rule. The court below made absolute a rule for judgment for want of a sufficient affidavit of defense and the defendant appeals.

The only defense averred in the affidavit was that the property was rural and not subject to assessment under the foot-front rule.    The reason stated in the opinion of

the learned judge of the court below, for making the rule absolute, was that the affidavit did not state sufficient facts, with regard to the character of the property involved, to warrant a finding by a jury that the property assessed was rural.   The question is not free from difficulty, but mature consideration, in the light of the decisions upon the subject, has led us to the conclusion that the right of the plaintiff is not so clear as to warrant the entry of a summary judgment.   The mere assertion in an affidavit of defense that the property is rural rather than urban, in character, is certainly not sufficient, but this affidavit contained more than such an assertion, it described the property against which the lien was filed and that thereto adjacent.   It averred that the property against which the lien was filed was part of a tract of "farm land which had been cultivated for agricultural purposes for many years uninterruptedly, timothy and clover having been grown there for the past two years and potatoes and corn prior to 1920."   "That open farm land surrounds the defendants' property on three sides, extending for several miles.   That on the fourth side lies the village of Bustleton, which is a rural community located about twelve miles northeast from City Hall, Philadelphia."   It further averred that the said village had no municipal water system except for fire purposes, and no other municipal improvements, except electric lighting, nor any connection with the general systems of the City of Philadelphia.   "That part of the realty adjacent to the property of the defendants is assessed for taxation by the City of Philadelphia at farm rates, and the remainder is assessed at suburban rates; but no portion of the realty adjacent to the property of defendants, including the property described in the lien filed by the plaintiff, is assessed for taxation at city rates."   This was not a mere assertion that the village was surrounded by farm land, but it was an express averment that the property assessed was farm land and that it was surrounded on three sides by farm land extending

for several miles and that the city, in assessing the property for purposes of taxation, had assessed the property against which this claim was filed and all the adjacent property, either as agricultural or suburban property. This affidavit clearly indicates that the property in question is at the end of the village. If it should appear in evidence, at the trial, that the property abutting on the improvement is built-up, or is laid out in city lots and ripe for city treatment, it may be that the property of the defendants, although not improved by building, is still essentially urban in character and properly subject to this assessment. We cannot here anticipate what the evidence may disclose. The averments of this affidavit are sufficient to raise the question whether the property charged is urban or rural, and that question is usually one for the jury: McKeesport v. Soles, 165 Pa. 628 and 178 Pa. 363; Reading v. O'Reilly, 169 Pa. 366; Phila. v. Dobbins, 24 Pa. Superior Ct. 136.

The judgment is reversed and the record remitted for further proceedings.