Borough of Cheswick, Appellant, *v.* Stuart et al.

Argued April 30, 1928. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*William G. Bechman,* of *Gray, Thompson & Rose,* for appellant, cited: City of McKeesport v. Soles, 178 Pa. 363; Philadelphia v. Ginhart, 48 Pa. Superior Ct. 652; Reading v. O'Reilly, 169 Pa. 366; Anderson v. Lower Merion Township, 217 Pa. 369; Philadelphia v. T. B. Rice & Sons Co., 274 Pa. 256; Canton Borough v. Williams, 67 Pa. Superior Ct. 239; Borough Code Act, 1915, P. L. 312, 393.

*Paul A. Stuart,* for appellees, cited: Adamstown Borough v. Hartman, 75 Pa. Superior Ct. 588; Philadelphia v. Rule, 93 Pa. 15; Washington Avenue Case, 19 P. F. Smith 352; Craig v. City of Philadelphia, 8 Norris 268.

OPINION BY GAWTHROP, J., July 12, 1928:

This is an action of scire facias sur municipal claim for curbing, assessed according to the foot front rule, along a street in front of premises owned by defendants. In 1921 the State of Pennsylvania, the County of Allegheny, the Borough of Cheswick and the Allegheny Valley Street Railway Company entered into a contract to improve and re-surface that portion of the Pittsburgh and Freeport road which lies within the corporate limits of the Borough of Cheswick and is called Pittsburgh Street. By the terms of said agreement, the Borough of Cheswick was required to install the curbs. Defendants were at the time of the improvement of the street in 1921 the owners of land having a frontage of four hundred sixty-seven feet

upon the north side of Pittsburgh Street and a depth of about four hundred sixty-five feet and containing about nine and a half acres. This is the property covered by the lien. The sole defense set up in the affidavit of defense was that at the time the work was done the land covered by the lien was farm or rural land and, therefore, was not subject to assessment according to the foot front rule. On the trial the only question in controversy was whether the land should be classed as rural or urban property. This issue of fact was submitted to the jury and a verdict for defendants resulted. The question whether the property charged is urban or rural is one of fact and usually for the jury: Philadelphia v. Neely & Neely, 81 Pa. Superior Ct. 248; Philadelphia v. Manderfield, 32 Pa. Superior Ct. 373; Reading v. O'Reilly, 169 Pa. 366. "Generally speaking, the inquiry as to what is rural and what is urban property, within the meaning of the law, is one to which no hard and fast rule can be safely applied. It necessarily depends largely on the special circumstances of each case": McKeesport v. Soles, 178 Pa. 363; Philadelphia v. Dobbins, 24 Pa. Superior Ct. 136. In this case the evidence in regard to the character and surroundings of the property was sharply conflicting, but we cannot say that defendants did not carry the burden which was on them (Philadelphia v. T. B. Rice & Sons Co., 274 Pa. 256.) of producing sufficient evidence to require submission of the issue to the jury.

As we understand the second contention made for appellant, it is that the question whether the property was rural or urban should not have been submitted to the jury, because the time to object to the inclusion of rural or farming lands within the corporate limits of a borough is when the borough is incorporated, and there is no evidence that the then owner of the land objected to the inclusion of his land within the cor-

porate limits of the plaintiff borough. Canton Borough v. Williams, 67 Pa. Superior Ct. 239, is cited as sustaining this contention, but it does not do so. As pointed out by the learned president of the court below, the Canton Borough case was one involving the liability of the defendant to pay the cost of constructing a sidewalk, an entirely different question from the liability of property for assessment for paving a street by the foot front rule. It was contended in behalf of the defendant that she could not be required to pay for the cost of laying the sidewalk for the reason that her property was farming land. In pointing out the reasons why the contention was not well founded, this court said: "The question whether this was such farm land as not to be properly included within the borough limits is one which ought to have been settled at the time of the incorporation of the borough. The predecessors in title of this defendant permitted this land to be included within the borough limits, and the land is subject to the jurisdiction conferred by the statutes upon the authorities of the borough." It will be observed that this expression had no reference to the question whether the land was liable to assessment to pay for paving the street by the foot front rule, but only to the question whether the land was subject to the jurisdiction conferred by statute upon the borough. The statement quoted was followed by this: "Assessments for the construction and maintenance of sidewalks involve an exercise of the police power, not of the taxing power; it is, therefore, immaterial whether the property is rural or urban and the municipality is not required to establish that the property of the defendant was peculiarly benefited by the improvement: Philadelphia v. Weaver, 14 Pa. Superior Ct. 293; Pittsburgh v. Biggert, 23 Pa. Superior Ct. 541, and cases there cited." The mere fact that the land here involved is subject to the jurisdiction con-

ferred by law upon the borough did not establish its status as urban property. Our statutes expressly authorize boroughs to require a property owner to construct and repair sidewalks, including curbs and gutters, and upon the neglect of the owner to do so the borough may, after proper notice, cause the same to be done and collect the cost from him by filing a municipal claim or suing in assumpsit. Conceding for present purposes that defendants may be liable for the cost of laying the curb as a part of the sidewalk, they are not liable for such cost assessed on the foot front rule. There is no statutory authority for such an assessment. But in this proceeding appellant does not treat the curb as a part of the sidewalk, but as a part of the street. It seeks to collect from defendants a part of the cost of improving the street and not a part of the cost of constructing the sidewalk. It relies upon the power to assess on the foot front rule as conferred by Section 9 of the Act of June 5, 1919, P. L. 401, which applies to streets and not to sidewalks. It is clear, therefore, that it is attempting to exercise its taxing power and not its police power. Indeed, its counsel conceded at the oral argument that its claim involves the taxing power. Therefore, under the line of cases following Washington Avenue, 69 Pa. 352, deciding that the foot front rule for the assessment of the costs of municipal improvements, when applied to rural property, is unconstitutional, the question whether defendants' property was rural or urban is controlling and was a proper one to raise in the proceeding on the scire facias issued on the lien.

Lastly, it is urged upon us that as defendants did not attack the ordinance authorizing the street improvement, as provided in Chapter 7, Article I, Section 9, of the General Borough Act of 1915, P. L. 312, 393: ''Complaint may be made to the next Court of Quarter Sessions, upon entering into recognizance,

with sufficient security to prosecute the same with effect, and for the payment of costs, by any person aggrieved in consequence of any ordinance, regulation, or act done or purporting to be done in virtue of this act, and the determination and order of the court thereon shall be conclusive''—and accepted the benefits thereof, they are estopped from interposing in the present suit the defense that their property was rural in character. The contention is without merit. We do not regard the remedy provided by this section of the Act of 1915 as an exclusive legal remedy, or even the appropriate remedy of one who merely intends to raise the question whether its provisions apply to his case. All that is decided in Parkin v. New Kensington Borough, 262 Pa. 433, cited by appellant, is that equity had no jurisdiction to enjoin a municipality from proceeding under an ordinance providing for the annexation of part of plaintiff's land to the borough, because the above quoted section of the Act of 1915 provides a remedy at law. Under familiar principles none of the essential elements of an estoppel in pais are present.

The assignments of error are overruled and the judgment is affirmed.