## City of Johnstown, Appellant, *v.* Howarth.

Argued October 10, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

416

*Tillman K. Saylor,* and with him *Friedjoff D. Tappert,* for appellant.—It is no defense to a scire facias sur municipal claim for paving assessed under the foot front rule, that the defendant's property is not specially benefited by the improvement. Philadelphia v. Crew-Levick Company, 278 Pa. 218; Philadelphia v. Ginhart, 48 Pa. Superior Ct. 648; Harrisburg v. McCormick, 129 Pa. 213; Philadelphia v. Pennsylvania Salt Manufacturing Company, 286 Pa. 1; Harrisburg v. McPherran, 14 Pa. Superior Ct. 473; Harrisburg v. McPherran, 200 Pa. 343; Michener v. City of Philadelphia, 118 Pa. 535.

*George E. Wolfe,* for appellee.—The affidavit of defense was sufficient to prevent judgment. Philadelphia v. Rice, 274 Pa. 256; Philadelphia v. Conway, 257 Pa. 172; Ohio Valley Water Co., 253 U. S. 287; York v. Eyster, 68 Pa. Superior Ct. 104.

OPINION BY CUNNINGHAM, J., November 22, 1928:

The single question involved on this appeal is whether the court below erred in discharging the rule of the City of Johnstown for judgment for want of a sufficient affidavit of defense to its municipal claim against the property of Caleb Howarth for the grading, curbing and paving of Middle Avenue in that city.

Appellee is the owner of a lot fronting approximately 28 feet on Ebensburg Road and extending back, of even width, about 87 feet to Middle Avenue

in the rear. The improvement was completed December 11, 1926, and two-thirds of the cost and expense of grading and paving (except at street intersections), together with the entire cost of curbing, was assessed, under the foot front plan, against the owners of real estate abutting on Middle Avenue.

The affidavit of defense admits all the averments of the city's statement of claim but attempts to set up an affirmative defense, the material portions of which are found in the eighth, ninth and thirteenth paragraphs, reading:

"8. The improvement of Middle Avenue conferred no special benefit on defendant's property, considering its character, location, character of neighborhood, value of the land in the neighborhood and its improvements.

"9. The improvement of Middle Avenue was part of a scheme for the benefit of the public generally, to provide a paved highway for egress and ingress from and to the City of Johnstown, and conferred no special benefit on defendant's property.

"13. The practical operation of this assessment, considering the highway, its location, and the character of the district, is to confiscate the property of defendant, and to deprive the defendant of his property without due process of law."

There is no explicit averment in the affidavit that appellee's property is rural and, therefore, not subject to assessment according to the foot front rule (Cheswick Borough v. Stuart et al., 94 Pa. Superior Ct. 101), but that seems to be the defense indicated, particularly by the thirteenth paragraph. This also seems to have been the understanding of the court below, as, in the opinion supporting the order refusing judgment, we note this language: "If the testimony at the trial of this case should show that the property is rural in its nature and not ripe for improvement, this would be a good and sufficient de-

fense; or if it should appear that the character of the property is such that it does not require the conveniences and facilities of city life, this again would be a sufficient defense. In our judgment the eighth paragraph of the affidavit of defense is sufficient to sustain an offer of proof to show either of these particular facts as evidence to sustain the allegations therein contained.''

Granting that these possible defenses, if supported by evidence, would be valid against this claim, we cannot agree with the conclusion that the averments of the affidavit are sufficient to entitle appellee to offer proof that his property is in fact rural. To a large extent they merely state conclusions both of fact and of law, and the conclusions of fact are not properly supported by specific averments of the facts upon which the conclusions are predicated. The affidavit contains no averments as to the size of lots—other than that of appellee—abutting upon the line of the improvement; as to what uses the abutting property is devoted; whether adjoining lots are improved; the character of any improvements that may be thereon erected; or what the ''character of neighborhood'' really is. The propriety of making assessments according to the foot front rule is dependent upon the character of the property which abuts upon the improvement, and whether that property is rural or urban within the meaning of the law necessarily depends largely upon the special circumstances of each case, which circumstances should be specifically set forth in the affidavit of defense: Phila. v. Heyer, 81 Pa. Superior Ct. 243, 246. Appellee may have a valid defense, but, in our opinion, he has not properly pleaded one in this affidavit. Although as a general rule an application to file a supplemental affidavit of defense will not be granted after an appeal to an appellate court, except for legal or equitable causes of which the defendant could not have availed himself

when his original affidavit was filed, we shall, under all the circumstances of this case, leave the way open for the consideration of such an application by the lower court if the defendant desires to present it.

The order discharging the rule for judgment for want of a sufficient affidavit of defense is reversed, the rule is reinstated, and the record is remitted with instructions to the lower court to enter judgment against the defendant for such sum as to right and justice may belong, unless sufficient legal or equitable cause be shown to the said court why such judgment should not be entered.