Philadelphia, to use, *v.* Brady, Appellant.

136

Argued April 18, 1932.   Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Joseph R. Embery,* with him *John Whitaker Lord, Jr.,* for appellee.—The trial judge erred in excluding evidence of defendant to show that his property and property in the immediate neighborhood was classified and assessed as suburban, rural and farm property: Craig v. Phila., 89 Pa. 265; Phila. v. Wetherill, 13 W. N. C. 10; Lukens v. Phila., 13 W. N. C. 86.

The trial judge erred in refusing to charge the jury that if defendant's property was rural or suburban at the time the sewer was built it was not liable to assessment: Washington Ave., 69 Pa. 352; Phila. v. Rule, 93 Pa. 15; Seely v. Pittsburgh, 82 Pa. 360; Lukens v. Phila., 13 W. N. C. 86.

*Glenn C. Mead,* with him *Duane, Morris & Heckscher,* for appellee.—In a municipal claim case evidence is not admissible to show how defendant's property was classified for purposes of taxation: Phila. v. Gowen, 202 Pa. 453; Girard Trust Co. v. Phila., 248 Pa. 179; Selig v. Phila., 232 Pa. 309.

In the law of municipal liens there is no distinct and separate property classification known as "suburban:" Phila. v. Sheridan, 148 Pa. 532; Anderson v. Twp., 217 Pa. 369.

Property that is ripe for development may properly be assessed on the foot front rule: Phila. v. Crew-Levick Co., 278 Pa. 218; Phila. v. Rice & Sons Co., 274 Pa. 256; Phila., to use, v. Salt Mfg. Co., 286 Pa. 1.

OPINION BY MR. JUSTICE MAXEY, June 30, 1932:

Scire facias proceedings were instituted to enforce municipal liens for a sewer construction under the authority of the City of Philadelphia. The defendant, Charles P. Brady, who was the owner of the tract of land through which the sewer system extended, filed his affidavit of

defense setting forth that his property was not liable for sewer assessments measured by the foot-front rule, because, as he alleged, it was not urban but rural property. The tract of land was located in the 35th Ward of the City of Philadelphia and consisted of 64 acres.

The issues on three of these liens were tried and verdicts were rendered in favor of the plaintiff, in the respective amounts of $596.23, $1,156.56 and $596.23. Judgments were entered on the verdicts and appeals were taken to the Superior Court, and there the judgments were affirmed, with two judges dissenting. An appeal was then allowed to this court.

In the Superior Court three questions were raised. One related to the refusal to admit in evidence "appellant's tax receipts and the tax assessment books, supported by the testimony of the real estate assessor who made up the books." The second question related to the refusal of the trial judge to instruct the jury that if defendant's property was rural or suburban at the time the sewer was built, their verdict should be for the defendant. The third question related to the court's refusal to charge the jury as to the difference between city and suburban property. As the only point raised by the pleadings was as between city and rural property, his refusal so to do was correct.

Judge CUNNINGHAM for the Superior Court, in an able opinion, in 104 Pa. Superior Ct. 79, fully discusses and rightly decides the questions raised. He held "that for the purposes of this case, but two classifications could be considered—rural and urban—and that 'if the land is urban land, is city land, the sewer......benefits it to the extent of the assessment.' " He also correctly states the law to be "that the property sought to be charged is not to be considered as an isolated plot of land, but should be classified as rural or urban according to the general character of the neighborhood in which it is situated. The leading case on this subject is that of the City of McKeesport v. Soles, 178 Pa. 363, [35 A. 927]." In the

case just cited the subject is treated at length, and the environing facts which distinguish urban property from rural property are discussed and illustrated with clarity. The Superior Court's conclusion that under the evidence the case was correctly submitted for the determination of the jury as to whether the property was urban or rural is in accordance with the law of Pennsylvania.

The Superior Court upheld the exclusion of appellant's tax receipts and the tax assessment books, supported by the testimony of the assessor who made up the books, all of which were offered for the purpose of showing that at the time the sewer was built, appellant's property was assessed for the purpose of taxation as rural or suburban property, and at the rural or suburban rate as distinguished from full city rates. Judge CUNNINGHAM says: "This evidence was properly rejected. The jury had ample competent evidence from which to determine whether the property was rural or urban, and the records of the assessor and his proposed testimony were inadmissible."

Appellant contends that this evidence was admissible and cites (as does the dissenting opinion) the case of Craig v. City of Philadelphia, 89 Pa. 265. We find nothing in the Craig Case that requires a different ruling in the instant case than the ruling made by the Superior Court. In the Craig Case the offer made in behalf of defendant was "to prove that the defendant's premises against which this claim was filed, are situated in a rural district in the City of Philadelphia, and that a large part of Market Street, from 43d to 63d Street, passes through rural and farm property now used for farm purposes and that all of the property fronting on Market Street from 43d to 63d, not exempt from taxation, is assessed as such rural property and farm land."

The issue being whether or not the property assessed was *in fact* urban or rural, the defendant of course had the right to offer any competent evidence to prove that fact. As is set forth in the synopsis of the brief of plain-

tiff in error, in the Craig Case, on page 266: "The question whether or not the property in question was rural property was squarely put at issue. The defendant, therefore, had a right under this plea, if it was material, and raised a material question of fact, to offer any evidence in support of its averments."

By "any evidence," we assume plaintiff in error meant any *competent* evidence. In the case before us the evidence offered was rejected because of its incompetency. That a property is *assessed* as rural or suburban property falls far short of proving that *in fact* it is rural or suburban property. The designation by the assessor of certain properties as rural is only a tag which he places on it. The law is not concerned with tags or nomenclature but with facts. If, for example, an assessor would assess or tag any property in the central part of Philadelphia as rural instead of urban, that tag or assessment would not be competent to prove that the property *was* in fact rural. For an assessor or any other qualified witness to testify under oath and subject to cross-examination, that a property is "situated in a rural district" (as was the offer in the Craig Case) is one thing; but for an assessor by himself or by his books to testify that he assessed, that is, tagged certain properties as rural is quite another thing. This court held as early as 1877 in an opinion by Justice SHARSWOOD in Hanover Water Co. v. Ashland Iron Co., 84 Pa. 279, 285: "It is true the assessors and public officers are sworn to do their duty. But the assessment is nothing but their ex parte statement, and their opinion was not subjected to the test of a cross-examination."

The first of the two offers rejected in the Craig Case was to prove that the premises were "situated in a rural district" in the City of Philadelphia. The second was that all of the property on Market Street from 43d to 63d, not exempt from taxation, is assessed as rural property and farm land. In the case now before us the first offer rejected was the offer of defendant's tax receipts

for 1926, 1927, 1928, 1929 and 1930. The next offer rejected was to prove by the real estate assessor that he assessed defendant's property in 1929 as rural property. The next offer rejected was to prove by the assessor that the property immediately south was assessed as rural property. The next offer rejected was "to show that property in the immediate neighborhood of this property, and extending for about a mile south of it, about a mile east of it, about a half mile west of it, and a half mile north of it, is within the jurisdiction of this witness as real estate assessor, that he has assessed all of this property, and to show the nature of the assessment, as to whether that assessment is farm, rural or built-up portions of the city." The vice of all these offers is that they were simply offers to show that this particular assessor had tagged this particular property as rural. It would have been competent for the assessor to testify that this property was in a rural neighborhood and to describe the character of the surrounding property, but it was not competent for him to testify that he, as assessor, had designated this particular property as rural property. It is true that the last two offers referred to come close to the second offer made in the Craig Case, but we regard this second offer made in the Craig Case as being of doubtful admissibility, and we agree with the Superior Court that the argument of appellant that records made by the city tax assessor should be considered as admissions by the city as to the character of the property to which the assessment relates, has been conclusively answered by the Supreme Court in Girard Trust Co., Trustee, v. Phila., 248 Pa. 179, 93 A. 947.

In that case plaintiff sought to introduce certain tax assessments as an admission made, or at least adopted, by the city against its interest in respect to the value of the land. It was held that such evidence was inadmissible. The court said (page 181) : "The answer to the argument that the city made the assessments is to be

found in the recent case of Selig v. Philadelphia, 232 Pa. 309 [81 A. 308], where the method of assessing taxes in Philadelphia is elaborately discussed and it is ruled that such taxes are assessed by a 'state agency' under a system established by the Commonwealth and administered through public officers appointed by a 'state department whose rulings are subject to appeal......to the courts of the Commonwealth,' and that the city officials have no jurisdiction in the matter whatever. As to the theory of adoption, we see no merit in the argument that, because the city received taxes based on these assessments and they were used in determining its borrowing capacity, the municipality in effect adopted them as an expression of its own estimate of the value of the plaintiff's land; for no corporate body can properly be held to have adopted the action of another independent public agency by merely giving such recognition thereto as the law compels it to render."

It is true that in the case of Girard Trust Company, Trustee, v. Philadelphia, supra, the question at issue related to the value of the land assessed, but if assessments declaring the value of land cannot be received as evidence of such value, we think it equally logical to hold that assessments declaring land to be suburban or rural cannot be accepted as evidence of the character of the land as rural or suburban. The case just cited holds, as the Supreme Court does in Selig v. Philadelphia, supra, that "tax assessments represent nothing more than ex parte statements of the opinion of the assessor." The question whether or not land is rural or urban is a question that admits of fairly definite proof by the testimony of persons acquainted with the character of the neighborhood and who are able to describe the surroundings of the land in controversy.

Instead of receiving ex parte statements of assessors as proof of the character of property as rural or suburban, the court should follow the rule laid down in the City of McKeesport v. Soles, supra, that "the char-

acter of the locality, the streets, lots, buildings and improvements and the market value of the property as also the neighboring properties, must be considered. Whether the particular property in dispute is to be considered rural or city depends largely upon its surroundings and the character of the property in the neighborhood. If the buildings and improvements in the neighborhood are few and scattered, if they partake of the character of the country rather than of the city or town, and are occupied by persons engaged in rural pursuits; the locality should be considered rural. On the other hand, if the houses and improvements partake of the character of the city or town and are mainly occupied by persons engaged in city pursuits, the locality should be considered as city and not rural."

All of these basic facts are susceptible of proof by qualified witnesses and in determining an issue such as the one that was presented in this case there was no legitimate reason for resorting to mere assessment books or to assessors' ex parte statements.

The judgments of the Superior Court are affirmed.